[S. F. Nos. 2856 and 3439.  In Bank.—January 3, 1905.]

MILLER & LUX, a Corporation, et al., Respondents, v. ENTERPRISE CANAL AND LAND COMPANY, and JEFFERSON G. JAMES, Appellants; J. C. MOWRY, Intervener, Respondent.  [No. 2856.]

MILLER & LUX, Appellant, v. ENTERPRISE CANAL AND LAND COMPANY, and JEFFERSON G. JAMES, Respondents; J. C. MOWRY, Intervener, Appellant. [No. 3439.]

APPEAL—JUDGMENT-ROLL—ABSENCE OF EXCEPTIONS OR EVIDENCE—FINDING.—Upon an appeal taken upon the judgment-roll, without any statement or bill of exceptions, the judgment cannot be reversed where no fatal error appears on the face of the judgment-roll.  A finding of fact upon such appeal must be held conclusive if there is no contradictory finding upon the subject.

ID.—WATER-RIGHTS—FINDING AS TO SLOUGH—CONSISTENCY OF FINDINGS.—Upon an appeal so taken from a judgment determining water-rights in the San Joaquin River, a finding that Fresno Slough, upon which the lands of a defendant border, was no part of said river, but was a part of Kings River, is conclusive as to that fact, and is not inconsistent with a finding that at certain stages of the river, or at certain times, some of the water of the San Joaquin River will flow into the slough, and when the level changes will flow back into such river.

ID.—NEED OF WATER—OCCASIONAL OVERFLOW—CONSTRUCTION OF FINDINGS.—A finding that plaintiff corporation has need of the water

of the San Joaquin River appropriated by it is not affected by the further finding that at certain times in each year the river for a short time overflows its banks on to defendants' lands, thus wetting and benefiting the same, and such findings do not show that defendants are entitled to divert some of the water of the river because not needed by plaintiff.

ID.—FINDING OF WANT OF EVIDENCE—INCREASE OF FLOW—RESERVATION IN JUDGMENT—DEFENDANTS NOT PREJUDICED.—A finding that at certain times there is an increase of the flow of the water in the river over ordinary stages, but that there is no evidence before the court whereby it can be determined at what stages of the waters thereof at such times, if at all, water can be diverted therefrom without injury or danger to the plaintiff, and a reservation to the defendants in the judgment of the right to bring an action for the determination of that question, are not prejudicial to the appellants, and are not ground of reversal of the judgment.

ID.—APPEAL FROM ORDER GRANTING NEW TRIAL—CONFLICT OF EVIDENCE.—Upon appeal from an order granting a new trial, generally, where one of the specifications is for insufficiency of the evidence, the order will be affirmed if there is fairly conflicting evidence as to any material finding of fact; and where the evidence is fairly conflicting as to the finding that Fresno Slough was no part of the San Joaquin River, the order must be affirmed.

APPEALS from a judgment of the Superior Court of Fresno County and from an order granting a new trial. J. R. Webb, Judge.

The facts are stated in the opinion of the court, and in 142 Cal. 208, therein referred to.

Octave De Py, Houghton & Houghton, and Frank H. Short, for Miller & Lux, Respondent and Appellant.

Isaac Frohman, for J. C. Mowry, Intervener, Respondent and Appellant.

W. C. Graves, and Coldwell & Borland, for Enterprise Canal and Land Company and Jefferson G. James, Appellants and Respondents.

McFARLAND, J.—These two appeals were argued and submitted together, and will both be considered and determined in this one opinion. They arise out of an action in the superior court entitled Miller & Lux and the San Joaquin and Kings

River Canal and Irrigation Company, plaintiffs, *versus* the above-named defendants. The action was to enjoin the defendants from diverting water from the San Joaquin River. Judgment was rendered in favor of Miller & Lux, enjoining the defendants as prayed for, but the court refused to give judgment for the other plaintiff, who claimed as an appropriator of the water of said river, on the ground that the river was a navigable stream, and that the maintenance of said claimant's ditch and dam by which it diverted the water was a nuisance, and rendered judgment in favor of defendants against said plaintiff canal and irrigation company. From this part of the judgment the said last-named plaintiff appealed, and it was here reversed and judgment ordered for said plaintiff. (See *Lux* v. *Enterprise Canal etc. Co.*, 142 Cal. 208,[1] where some of the general facts of the whole case were stated; and that appeal is here referred to merely for the purpose of keeping in view the fact that the rights of said plaintiff the canal and irrigation company are not involved in the two appeals now before the court. It is not a party to either of such appeals.)

## No. 2856.

This is an appeal by defendants from a judgment in favor of plaintiff Miller & Lux and the intervener, Mowry. Plaintiff and the intervener occupy similar positions, and the affirmance or reversal of the judgment as to plaintiff would necessarily carry a similar affirmance or reversal as to the intervener. Therefore, express reference need be made to the case only as between plaintiff and defendants. This appeal—No. 2856—is upon the judgment-roll alone; there is no bill of exceptions or statement, and consequently there is here no question of sufficiency of evidence to support the findings, and no exceptions to rulings made during the taking of evidence at the trial. The judgment could be reversed only upon some fatal error appearing on the face of the judgment-roll; and we see none. The briefs are quite voluminous; but they go mainly to questions which arise, if at all, in the other appeal, —No. 3439,—which is from an order granting a new trial, and will be noticed hereafter. The case was tried without a jury, and the court made very full findings. Among other

[1] 100 Am. St. Rep. 115.

things it found that plaintiff Miller & Lux was, and for twenty-five years before the commencement of the suit had been, the owner of large bodies of land lying on the San Joaquin River and riparian thereto; that such river is a natural water-course; and that from time immemorial the waters of said river have naturally flowed over plaintiff's said lands, thereby irrigating the lands and making them fit for cultivation and pasturage and supplying water for stock and agricultural purposes, and for all purposes for which the owner of land bordering on a running stream has the right to use the water thereof. It is further found that defendants, long after plaintiff's rights had accrued, and at a point on said river above plaintiff's lands, constructed a dam and ditch by which they obstructed the flow of the water in the river and diverted such water away from said river and prevented it from flow-ing down and onto plaintiff's lands, as it was accustomed to flow; that such water so diverted is actually needed for the use and cultivation of plaintiff's lands, and that its diversion by defendants has caused and will cause plaintiff great and irreparable damage. It was claimed by defendants that a certain slough called sometimes Kings River Slough and some-times Fresno Slough, which connects with the San Joaquin River at a point on plaintiff's lands, is a part of said river; and as defendant James owns lands bordering on said slough, though not on the main river, it was contended by defendants that James was a riparian proprietor on the main San Joa-quin River, and had certain alleged rights as such riparian proprietor. The court, however, found that such slough was not a part of the San Joaquin River, but is a channel made by another river called Kings River and is "a part of or exten-sion of said Kings River through which the waters of said river flow on their way to the ocean." Of course, as there is no evidence in the record, the finding is conclusive on the point, so far as this appeal from the judgment is concerned, unless there is some other contradictory finding on the sub-ject. Defendants contend that this finding is inconsistent with that part of finding LII which is as follows: "That at certain stages of the river, or at certain times, some of the water flowing in the San Joaquin River will naturally flow into said Fresno Slough and back up said slough for a distance of some twelve miles, but there is no outlet for the waters

flowing into said slough from said San Joaquin River except through the same channel which the water flows from the said San Joaquin River into said slough, and when Fresno Slough becomes filled up and the level changes, then this water which has flowed from San Joaquin River into said Fresno Slough flows back into and down the said San Joaquin River." But it is quite clear, we think, that this finding is not contradictory of the former finding that the slough is not a part of the river. It is also contended that defendants, under any view, were entitled to divert some of the water of the river because it was not needed by plaintiffs on their lands below; but this contention is answered by the finding above referred to that it was so needed. And this finding is not affected by the further finding that at certain times in each year the river for a short time regularly overflows its banks onto defendant's lands, thus wetting and benefiting the same.

Nor is a reversal of the judgment called for on account of the finding in finding No. LVII that during certain times there is an increase of the flow of water in the river over ordinary stages, "but there is no evidence before the court whereby it can be determined at what stages of the waters of said river at such times, if at all, water can be diverted therefrom without injury or damage to the plaintiff Miller & Lux and others owning lands riparian to said river and having vested rights therein as to the flow of the waters thereof," nor on account of that part of the judgment which reserves to defendants the right to bring an action to have it determined at what stages of the water, if any, water may be diverted without injury to plaintiff. If this finding and this part of the judgment are of any consequence at all, they are not prejudicial to defendants, and certainly give to them no cause of complaint.

We do not deem it necessary to further discuss this appeal from the judgment; it is sufficient to say that in our opinion the judgment upon its face is free from error and the findings amply support it. Therefore on this appeal the judgment must be affirmed.

## No. 3439.

This appeal is by plaintiff, Miller & Lux, and the intervener, Mowry, from an order of the superior court granting a

motion made by defendants for a new trial. The judge before whom the case was tried, and upon whose decision the judgment was rendered, went out of office before the motion for a new trial was heard, and the motion was granted by his successor.

The motion was made on all the statutory grounds, and there are a good many specifications of the particulars in which, it is claimed, the evidence is insufficient to justify the decision. The language of the order granting a new trial is simply "that the motion of the defendants for a new trial of said action be and the same is hereby granted." There is no intimation in the record enabling us to see upon which of the various grounds of the motion the order granting it was based. This is perhaps unfortunate in a case of this kind; for it may be that the reason for granting the motion was not insufficient evidence, in which event the case might perhaps be more readily disposed of on its real legal merits. However, as the record stands, respondents are entitled to invoke the established rule that the order must be affirmed if it can be justified on any one of the grounds on which the motion was made, and that, as insufficiency of the evidence was one of the grounds, the order must be affirmed if there was fairly conflicting evidence as to any material finding of fact.

If the motion for a new trial had been denied, and defendants were appealing from the order denying it, we could readily say that the evidence was sufficient to justify the decision. But we would not be justified in holding that there was no conflict of evidence as to any material fact found. For instance, it is found "that the said Fresno Slough is no part of the San Joaquin River, but is a channel made from the overflow from Kings River during flood time, and is a part of or extension of said Kings River through which the waters of said river flow on their way to the ocean." This clearly involves a finding of fact; and considering all the evidence touching the nature and character of Fresno Slough, and the sources and condition of the water flowing or being therein, and particularly the testimony of such witnesses of respondents as Anthony, Parker, Chidester, Garner, White, and others, we cannot say that there was no conflict of evidence on the point, or that the judge of the trial court, in view of

such conflict, abused his discretion in granting a new trial. It is contended by appellant that this finding was immaterial, because even conceding that the slough is part of the river, and defendant James therefore an owner of lands riparian to the river, by virtue of his ownership of lands bordering on the slough, still he would have no right, for the purpose of irrigating said lands, to go upon the river at a point many miles above the mouth of the slough, and above plaintiff's lands, and from that point divert water by means of a dam and ditch, and carry it entirely around and away from plaintiff's lands lying above the slough, and thus preventing any of the water so diverted from flowing or seeping back on to plaintiff's said lands. But if we concede this proposition to be true, it would have been available only if the court had merely enjoined defendants from diverting water through the said ditch, which takes water from a point entirely above plaintiff's lands. But the court found that the defendants "were not entitled to take or divert *any of the waters* flowing in the San Joaquin River"; and in the judgment it is decreed that defendants be enjoined "from diverting *any water* out of or from the San Joaquin River, or obstructing the flow of water therein, *at any point* above the lands *or any part of the lands* of the plaintiff Miller & Lux, or of the intervener, J. C. Mowry," and, further, that they are not "entitled to take or divert any of the waters flowing in the San Joaquin River." This finding and decree holds and adjudicates that defendants have no riparian rights at any point of the river, and is based on the finding that Fresno Slough is not a part of the river; and for this reason the finding that the slough is not a part of the river is necessarily a material finding. For this reason the order granting a new trial must be affirmed. If, as a fact, the court did not grant the new trial on this ground, but did grant it on some grounds which would not be held tenable by this court, the necessity of affirming the order, on the record as it stands, is unfortunate. We apprehend, however, that the parties can avoid a good deal of the expense and labor of a new trial by accepting much of the evidence given at the former trial without requiring it to be repeated.

In the appeal No. 2856 the judgment appealed from is affirmed.

In the appeal No. 3439 the order granting a new trial appealed from is affirmed.

Shaw, J., Angellotti, J., Van Dyke, J., Lorigan, J., and Henshaw, J., concurred.

Rehearing denied.