[Sac. No. 1122. Department One.—February 6, 1905.]

## JAMES A. JOHNSTON, and J. V. COLLINS, Respondents, v. D. T. CALLAHAN, Appellant.

APPEAL FROM JUDGMENT—REVIEW—JUDGMENT-ROLL—WAIVER OF FIND-INGS—FAILURE TO APPEAR AT TRIAL.—Upon appeal from a judgment where there is no statement or bill of exceptions in the record, and where findings were waived by the failure of the defendant to appear at the trial, the case must be determined upon the judgment-roll alone, consisting in such case of the pleadings and judgment.

ID.—NOTICE OF TRIAL—RULE OF COURT NOT PART OF RECORD—RECITAL IN JUDGMENT.—A rule of court requiring reasonable notice to the adverse party of the time fixed for trial, which is no part of the record, cannot be considered; and where the judgment recites that it appeared by competent and satisfactory evidence that more than five days' notice was given of the time when the cause was set for trial, a compliance with the provisions of the code is thereby shown.

APPEAL from a judgment of the Superior Court of Placer County. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

Arthur H. Barendt, for Appellant.

Tabor & Tabor, for Respondents.

VAN DYKE, J.—This is an appeal from the judgment of the superior court of Placer County. The action was for the recovery of $380.80 for goods sold and delivered, and work, labor, and services. It appears that the case was heard and judgment rendered in the absence of the defendant or his counsel, and in his appeal defendant's counsel says: "With a rush that was well-nigh indecent, and against the urgent protests of counsel for the defendant, the case was hurried to trial in the lower court and judgment entered against defendant. From this judgment defendant appeals and claims that it should be set aside:—

"1st. Because no notice of motion to set for hearing was given and there is no record of any such notice in the papers of the case on file in the superior court of Placer County.

"2nd. Because no notice of the time fixed for hearing was given defendant and appellant, and there is no record of such notice in the papers in the case on file in the superior court of Placer County.

"3rd. Because, on the assumption that an informal communication in a letter to the defendant's counsel may have been sufficient to put him on his guard, the notice therein conveyed was nevertheless too short.

"The defenses here offered may be technical, but are justifiable on the ground that they are the only resort against the injustice of what is commonly known as a 'snap judgment' taken by default."

There is no bill of exceptions or statement brought up with the judgment, and the appeal must be determined by what is disclosed in the judgment-roll alone,—that is, the pleadings and the judgment,—as in this case a failure to appear on the part of defendant was a waiver of findings on his part. (Code Civ. Proc., secs. 634-670 )

The complaint in the action was filed November 3, 1901, and the answer thereto April 21, 1902, and the trial was had June 2, 1902. In the judgment it is recited that "It appearing to the court by competent and satisfactory evidence that the defendant was duly notified more than five days prior to the 2d day of June, 1902, that the above entitled cause was set for trial for Monday, June 2d, 1902, at the hour of ten o'clock,

and that all the allegations of the plaintiffs' complaint or file herein are true; that the denials contained in the answer of defendant are untrue, it is ordered and adjudged," etc.

Appellant in the brief of his counsel copies what purports to be a rule of the superior court of Placer County in reference to giving notice to an adverse party of the trial of a cause, containing the following: "A party having a cause set for trial in the absence of the adverse party must see that the latter has reasonable notice of the time fixed." That rule of court, however, is no part of the record in this case, and cannot therefore be considered. As already shown, the judgment recites that satisfactory evidence was before the court that defendant was notified more than five days prior to the trial of the cause that the same was set for trial on the day mentioned, and that is a compliance with the provisions of the code on that subject. (Code Civ. Proc., sec. 594.)

If the judgment were taken against the defendant either through his mistake, inadvertence, surprise, or excusable neglect, he was furnished ample means for relief in the court below. (Code Civ. Proc., sec. 473.) It is worse than useless, however, to appeal from the judgment upon the judgment-roll alone, unless some defect is disclosed in the record, as every presumption and intendment is resolved in favor of the regularity of the proceeding in the court below.

The judgment must be affimed, and it is so ordered.

Shaw, J., and Angellotti, J., concurred.