[S. F. No. 5914.   In Bank.—December 27, 1913.]

## E. W. McLELLAN COMPANY (a Corporation), Appellant, v. EAST SAN MATEO LAND COMPANY (a Corporation), Respondent.

CORPORATION—ACTION AGAINST ON ACCOUNT STATED—INTERPRETATION OF FINDINGS.—In an action against a corporation on an account stated, a finding "that no account was stated between the assignor of plaintiff and the defendant as set forth in paragraph III of the first and second causes of action herein or at all, and in this behalf the court finds that at the time and places stated in paragraphs III of the first and second causes of action herein there was an account stated between E. W. McLellan the assignor of plaintiff herein and W. H. Obear the president and manager of defendant herein," cannot be understood otherwise than as a declaration that he stated the account as president and manager, purporting to act for the company, where the evidence without contradiction shows that whatever he did was done not for himself but for the company.

ID.—FINDINGS—INTERPRETATION SO AS TO BE WITHIN ISSUES.—The rule that findings must be interpreted so as to support the judgment, if reasonably possible, is in such case controlled by the rule that findings must be interpreted on appeal so as to be within the issues.

ID.—PRESIDENT AND MANAGER—AUTHORITY TO MAKE CONTRACTS—BY-LAWS AS LIMITING.—Where the president and general manager of a corporation is given authority by a resolution of the board of directors to make all contracts for and on behalf of the corporation, his power to make oral contracts is not limited by a by-law making it the duty of the president to sign all written contracts which have been first approved by the directors, and hence the admission in evidence of such by-law in an action on an oral contract made by such officer is erroneous.

ID.—ACCOUNT STATED—CONCLUSIVENESS—ASSENT OF DEFENDANT.—In an action upon an account stated, the items of the original demand cannot ordinarily be gone into; but where the defendant has raised an issue regarding his assent to the alleged account stated, he may introduce any evidence tending to show that he did not so assent.

APPEAL from an order of the Superior Court of San Mateo County refusing a new trial.   George H. Buck, Judge.

The facts are stated in the opinion of the court.

S. J. Hankins, J. S. Reid, and Rufus H. Kimball, for Appellant.

Archibald Barnard, for Respondent.

THE COURT.—The action was brought by plaintiff, as assignee of E. W. McLellan, against East San Mateo Land Company, a corporation, to recover $10,727.19, alleged to be due on an account stated. The complaint was in two counts, the first alleging in paragraph III that an account had been stated between McLellan and the Land Company at the city and county of San Francisco, the second alleging, likewise in its paragraph numbered III, that the account had been stated at the county of San Mateo. The defendant answered, denying the stating of any account. The cause was tried without a jury, and the court made findings and rendered judgment in favor of the defendant. The plaintiff moved for a new trial, and now appeals from the order denying his motion.

McLellan, plaintiff's assignor, was a contractor. The defendant was engaged in subdividing a tract of land in San Mateo for purposes of sales. McLellan had made two contracts with the defendant for grading streets and doing other work on the tract, and claimed that the defendant was indebted to him for labor and materials furnished under the contracts. W. H. Obear was the president and general manager of the defendant corporation. A meeting took place between McLellan and Obear at San Mateo, at which, as McLellan claimed, an account was stated, and the sum sued for agreed to be due from the defendant to McLellan. Shortly thereafter, there was a second meeting at San Francisco, McLellan and Hankins, his attorney, called upon Obear, and there was, according to their testimony, a second agreement to the effect that $10,727.19 was due from East San Mateo Land Company to McLellan.

The finding of the court was in these words: "That no account was stated between the assignor of plaintiff and the defendant as set forth in paragraph III of the first and second causes of action herein or at all, and in this behalf the court finds that at the times and places stated in paragraphs III of the first and second causes of action herein there was an account stated between E. W. McLellan the assignor of plain-

CLXVI Cal.—47

tiff herein and W. H. Obear the president and manager of defendant herein.''

The finding that no account was stated between McLellan and the defendant is assailed as unsupported by the evidence.

The evidence clearly shows that Obear had the requisite authority to bind his corporation; therefore the first part of the finding might only be sustained upon the theory that the court believed the statements of Obear, whose testimony was in direct conflict with that of McLellan and Hankins, and disbelieved their testimony. But this theory is contradicted by the finding that there was an account stated between E. W. McLellan and ''W. H. Obear the president and manager of defendant.'' This shows that the court believed the testimony of McLellan and Hankins, and that the first part of the finding must have been made under the mistaken belief that Obear lacked the authority to act for the defendant.

Respondent's position may be thus summarized: The findings must be given such a construction, if a reasonable one, as will support the judgment. (*Breeze* v. *Brooks,* 97 Cal. 72, [22 L. R. A. 257, 31 Pac. 742].) A finding capable of two reasonable constructions must be interpreted according to that one which sustains the judgment. (*Brison* v. *Brison,* 90 Cal. 334, [27 Pac. 186].) The first part of the finding should be read as a general negation of all allegations of the paragraphs numbered III. The latter part may be interpreted as one to the effect that McLellan and Obear personally stated an account between themselves, but that the latter did not act on behalf of his company in so doing, the words ''president and manager of defendant herein'' being mere *descriptio personae.* A statement of account between them as individuals not being within the issues, the latter part of the finding may be disregarded, and the first part may then be attributed, not merely to the court's theory of Obear's lack of authority, but to the acceptance of the truth of his testimony that he had stated no account on behalf of the corporation defendant.

The trouble with such an interpretation is that there is not a word of testimony to support the theory that Obear and McLellan had any personal dealings. The evidence shows that whatever Obear did was done as president and manager of the corporation and *not* in his individual capacity. A finding that an account was stated between McLellan and

"Obear the president and manager of the" Land Company might possibly under some circumstances have been intended as a finding that it was stated by him personally in his own behalf, his titles being added merely by way of description. But that would have been directly contrary to the evidence. Whether he was authorized to act for his corporation or not was a question of law, but the evidence without contradiction shows that whatever he did was done not for himself, but for the company. It was not intended to be in his own behalf. Taken in connection with the evidence, the finding cannot be understood otherwise than as a declaration that he stated the account *as* president and manager, purporting to act for the company. The other finding that no account was stated between McLellan and the Land Company is a part of the same sentence. The two together were obviously intended to declare that Obear stated the account claiming to do so for the company, but that he had no authority to act for it in that manner.

The rule that findings must be interpreted so as to support the judgment, if reasonably possible, is here controlled by the rule that findings must be interpreted on appeal, so as to be within the issues. They are presumed to have been intended as findings upon the issues, and not as findings of irrelevant facts. The final clause of this finding clearly shows that the court did not credit Obear's testimony that there was no stated account. As the only evidence of a stated account was that it was stated by him in his capacity of manager and president, and as he did not contradict the fact that he was acting in that capacity, if he did it at all, it must have been in that capacity that the account found to have been stated, was stated.

It follows that the first part of the finding has no support in the evidence, because, as we have said above, the proof was complete that Obear did possess the necessary authority.

On the question of Obear's authority to bind the corporation, the plaintiff offered a resolution of the board of directors of the defendant, appointing Obear general manager of the corporation, with full power to make and enter into all contracts for and on behalf of the company. The defendant was thereupon permitted, over plaintiff's objection, to introduce portions of its by-laws, providing that it shall be the duty of the president to sign all contracts and other instru-

ments in writing which have been first approved by the board of directors, and that it shall be the duty of the secretary to affix the corporate seal to all documents requiring such seal. The admission of such by-laws is assigned as error. The evidence should have been excluded. The by-laws did not assume to limit the power of the president with respect to oral contracts. (*Freyberg* v. *Los Angeles Brewing Co.*, 4 Cal. App. 403, [88 Pac. 378].) They had, therefore, no relevancy to the case at bar, in which the plaintiff was not relying upon a written agreement. The admission of this evidence was therefore erroneous.

The court permitted the defendant to introduce in evidence two written contracts between McLellan and the defendant. These were the contracts giving rise to the claims which, as plaintiff asserted, were fixed in amount by the account stated. The first of these contracts provided that McLellan was to receive one-half of the payment for work to be done in preferred stock of the defendant company. The second superseded the first in part. The contracts were offered on cross-examination of McLellan in connection with questions designed to show that no agreement for the payment of a fixed sum of money had been reached, but that the only proposition made by Obear had been to pay the major portion of any sum which might be found to be due on contracts for the sale of lots by defendant to various purchasers. We think the contracts were properly admitted as a part of the cross-examination on this point. It is, no doubt, the ordinary rule that, in an action upon an account stated, the items of the original demand cannot be gone into. (*Hendy* v. *March*, 75 Cal. 566, [17 Pac. 702].) But where the defendant has raised an issue regarding his assent to the alleged account stated, he may introduce any evidence tending to show that he did not so assent. (*Coffee* v. *Williams*, 103 Cal. 550, [37 Pac. 504]; *Kearney* v. *Bell*, 160 Cal. 661, [117 Pac. 925].) The contracts here offered had a logical bearing upon the probability of the transaction as testified to by plaintiff's assignor. If they were not relevant in this aspect, we do not see how their admission can have worked substantial injury to the plaintiff.

The court also erred in permitting an amendment to the answer whereby the irrelevant by-laws of the defendant were pleaded.

No other alleged errors require notice.

The order is reversed.

Beatty, C. J., does not participate in the foregoing.