[Civ. No. 2381.   First Appellate District.—November 9, 1918.]

EFFIE C. GLENN et al., Appellants, v. CALIFORNIA TRONA COMPANY (a Corporation), et al., Respondents.

CORPORATIONS—ASSESSMENT — ACTION - TO ANNUL — PLEADINGS — COMPLAINT INSUFFICIENT.—The complaint in this action to annul an assessment on the capital stock of a corporation and to vacate the sale thereunder of delinquent stock, which did not allege that the assessment was not levied for the purpose of paying the expenses of the corporation, or of conducting its business, or of paying its debts, or that the company was free from debt, was fatally defective and was not aided by an allegation that the purpose of the assessment was to "freeze out" the plaintiffs.

ID.—TENDER OF SALE PRICE NECESSARY.—Under section 347 of the Civil Code, a complaint in an action to recover stock of a corporation sold for a delinquent assessment is insufficient without an averment of a tender of the amount of the assessment or the price for which the stock was sold.

PLEADING—REFUSING LEAVE TO AMEND.—Where a party has been permitted to amend a complaint three times and still fails to state a cause of action, it cannot be presumed that a trial court abused its discretion in refusing leave to further amend.

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Waste, Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellants.

Charles W. Slack, Chauncey S. Goodrich, and Perry Evans, for Certain Respondents.

BEASLY, J., *pro tem.*—This is an action brought to annul an assessment on the corporate stock of the California Trona Company, and to vacate the sale of delinquent stock belonging to the plaintiffs. The action was begun in May, 1912. A third amended complaint was filed on May 3, 1915. Demurrers by the defendants to this third amended complaint were sustained on April 21, 1916, and judgment was entered on April 25, 1916. The appeal is taken from that judgment.

One of the attacks upon the assessment made in the third amended complaint was based upon the allegation that the board of directors which levied the assessment was not the legal board of directors of the company. Between the time of the filing of the third amended complaint and the decision on demurrer the supreme court, in the case of *Dolbear* v. *Wilkinson*, 172 Cal. 366, [Ann. Cas. 1917E, 1001, 156 Pac. 488], decided that this board of directors was the legally elected and constituted board of directors of the corporation. That point is, therefore, not insisted upon by the appellants; but they do insist that the assessment is void for other reasons arising out of the following facts: It is alleged that the assessment was levied for the purpose of "freezing out" the plaintiffs by having their stock sold thereunder. It is further alleged that certain of the individual defendants, namely, E. J. Boyes, Guy Wilkinson, Lucien Simon, Goodrich, and Hanus, are the directors of the California Trona Company, and that the other individual defendants are stockholders of that company. It is further alleged that these stockholders and directors are mere dummies for the Foreign Mines Development Company, another corporation, organized in Great Britain. There is a further allegation that by a judgment of the superior court of the city and county of San Francisco entered previous to the sale of plaintiff's stock, the defendants were enjoined from using a certain judgment of said court existing in their favor to settle any assessment upon any of the stock of the California Trona Company. This latter judgment is character-

ized as a "purported" judgment, which it is alleged is "claimed" by Simon and his wife. There is no allegation in this third amended complaint sufficient to impeach the validity of that judgment. Indeed, from the allegations of the complaint it must be held to appear upon the face thereof that this judgment is a valid judgment, for it is presumed to be valid in the absence of allegations showing its invalidity, and this is especially true upon a collateral attack such as that made upon it in this action. It is further alleged that Simon and his wife and the other defendants did use this judgment in violation of the injunction for the settlement of the assessments upon certain stock of the defendants; and it is also alleged that the sale of the stock was not made at public auction but behind closed and locked doors, in a room to which no person was admitted except upon permission of the individual defendants in this action. It is also averred that Phillips, one of the plaintiffs, who held twenty shares of the stock of the California Trona Company, evidenced by a single certificate, tendered immediately before the sale to a person who claimed at that time to be the secretary of the corporation, but who is not alleged to have been actually such secretary, sufficient money to cover the assessment on six of his shares and the costs incurred by the corporation up to that time in preparing for the sale.

These allegations are not sufficient to show an invalid assessment. The directors of the corporation had power under section 331 of the Civil Code to assess the stock of the corporation for the purpose of paying expenses, conducting business, or paying debts of the corporation. It is not alleged in this complaint that this assessment was not levied for the purpose of paying the expenses of the corporation or of conducting its business, and it is not only not alleged that the company was free from debt, or that this assessment was not levied for the purpose of paying its debts, but it appears upon the face of the complaint itself, construing it according to the familiar rule for the construction of pleadings upon demurrer, that there was a valid judgment for forty thousand dollars existing in favor of Simon and his wife against the corporation at the time this assessment was levied. The burden is upon the party attacking an assessment to show its invalidity, and no facts appear in this complaint sufficient to show that this is other than a valid assessment; not even

the allegation that the purpose of the assessment was to "freeze out" the plaintiffs is sufficient to invalidate it. (*Von Horst* v. *American Hop & Barley Co.,* 177 Fed. 976.) In that case United States District Judge Van Fleet, in passing upon this question raised in the same way by a demurrer to a complaint, said: "It is not alleged in any specific way that the assessment was not levied for a proper purpose, but simply that it was not levied in good faith, but for the purpose of freezing out this complainant. Since fraud will not be presumed, but must be made to appear, this averment is not sufficient to negative the presumption that the assessment was levied for a proper purpose." This is but the application of the general rule that where the act done is not illegal the motive which prompts it is immaterial. (*Clopton* v. *Chandler,* 27 Cal. App. 595, [150 Pac. 1012].) The circumstances surrounding the levying and enforcement of this assessment may have been suspicious, even reprehensible, and perhaps fraudulent; but if so, counsel for plaintiff should have been able to set them forth specifically and clearly, and as he has not been able to do so after four attempts, the trial court, compelled to either find a sufficient cause of action stated in the complaint or to sustain the demurrer, was right in taking the latter course, so far as the attack upon the assessment for fraud is concerned.

Assuming, but not deciding, that the sale was invalid, still plaintiffs have not stated a cause of action in their complaint to set aside the sale, for under section 347 of the Civil Code no action must be sustained to recover stock sold for delinquent assessments upon the ground of irregularity or defect in the sale, unless the party seeking to maintain such action first pays or tenders to the corporation, or the party holding the stock sold, the sum for which the same was sold. It is not alleged in the complaint that any of the plaintiffs except Phillips tendered the sum for which any of the stock was sold under this assessment at any time. Phillips is averred to have tendered the assessment on six shares, as above stated, to a person who claimed to be, but is not averred to have been, the secretary of the corporation, and it is averred that the directors of the corporation refused to receive the money, but proceeded in spite of this tender to sell the six shares of stock. As to all the plaintiffs except Phillips, under the fore-

going section 347 of the Civil Code, the complaint is insufficient because of the failure to aver any tender whatever. We think Phillips also has failed to state a cause of action in not going further than his allegations, and offering in his complaint to do equity by paying the assessment, for it was held in *Buena Vista etc. Co.* v. *Tuohy,* 107 Cal. 243, [40 Pac. 386], that a plaintiff seeking equity must do equity, and that a complaint in equity which does not offer to do equity is demurrable. The foregoing section of the code is no more than declaratory of this maxim of equity jurisprudence, and the general rule of equity pleading above referred to must be applied to it.

There are other objections to this complaint of equal importance, but the objections noticed were fatal to it as a pleading, and the order sustaining the demurrer was, therefore, correct.

The plaintiffs object to that part of the order which refused them permission to further amend; but it cannot be presumed, where a party has filed a complaint and has been permitted to amend it three times, and still fails to state a cause of action, that the superior court abused its discretion in refusing leave to further amend.

The judgment is affirmed.

Lennon, P. J., and Sturtevant, J., *pro tem.,* concurred.