[Civ. No. 5909. First Appellate District, Division Two.—May 29, 1928.]

GEORGE A. DALY, Appellant, v. FRANK OTIS et al., as Members of the Pension Board, etc., Respondents.

L. R. Weinmann for Appellant.

Wm. J. Locke, City Attorney, for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to obtain a writ of *mandamus* commanding the defendants to draw a warrant in favor of the plaintiff in payment of an alleged pension. The defendants answered and a trial was had before the court sitting without a jury. The trial court caused a judgment to be entered in favor of the defendants and the plaintiff has appealed. He has brought up what purports to be the judgment-roll, but it contains no findings.

The city of Alameda is governed under a freeholders' charter. (Stats. 1917, p. 1752.) That charter created the office of city manager. The city manager has the power to appoint a chief of police and subordinate police officers; to make rules and regulations for the government of the police department; and to remove by dismissal officers from the police department. (Art. 7, sec. 8.) It is provided in section 10 of the same article as follows: "Any charge brought by the city manager against a member of the police department or fire department who has been in the service of the city for five years at the time of the taking effect of this charter, which charge, if sustained, would warrant dismissal, shall be heard and determined by a board to be known as the police and fire board. Said board shall consist of the mayor, the police judge and the city attorney. A majority vote shall control. Any charge involving a penalty less than dismissal shall be determined by the city manager." It is not required by the provisions of any statute, ordinance, or rule, properly before us, that any of the proceedings regarding a charge be reduced to writing, nor that any records be made thereon. By an initiative measure a pension ordinance was adopted March 21, 1925. The plaintiff entered the police department November 10, 1911, and continued to act until November 9, 1925. From anything contained in the transcript it does not appear whether the city manager had promulgated any rules. ■ Under the settled law of this state no question of fact may be presented to courts of appeal in the briefs of counsel except such matters as may be quoted from the tran-

scripts on file. (*Johnston* v. *Callahan,* 146 Cal. 212, 214 [79 Pac. 870]; *Morris* v. *Iden,* 23 Cal. App. 388, 392 [138 Pac. 120].) ■ The plaintiff frankly admits that he was legally dismissed; but he contends that the nature of his ·dismissal did not work a forfeiture of his pension. The pension ordinance was pleaded by the plaintiff *in haec verba.* Plaintiff's right, if any, depends on the provisions of sections 2 and 5 of the ordinance. Section 2 provides how the amount of a pension will be ascertained and determined. Section 5 provides as follows: "Any person having served ten (10) years or more as a member of the regularly constituted Fire and Police Department, shall, if he be removed from said Fire or Police Department for any cause other than conviction of a felony, notorious or consecutive insubordination or neglect of duty; or in case of voluntary or involuntary resignation; be entitled to all the provisions of Section Two (2) of this Ordinance, in the proportion that the number of years he has served bears to twenty-five (25) years." ■ The question then arises: Was the plaintiff dismissed for any one of the causes just mentioned. But that issue is not before this court and was not before the trial court. This is so because of the peculiar state of the record. On November 17, 1925, the city manager filed before the police and fire board a charge against the plaintiff. The charge was in writing. Later a trial was had and on February 6, 1926, the board filed written findings. It may be conceded that the written charge and the findings thereon were highly ambiguous. Be that as it may, in paragraph five of the complaint in this action the plaintiff alleged the nature of his dismissal to be "absence without leave." In their answer the defendants admitted the entire paragraph. Neither party alleged any other offense. Whether the plaintiff ever at any other time committed any offense does not appear, neither does it appear that at any time the offense which was pleaded, or any other offense, was "notorious" or "consecutive." Nor does it appear that the plaintiff voluntarily or involuntarily resigned. Nor does it appear that he has ever been convicted of a felony. From what we have said it thus appears that a member of the police force may not be dismissed on any charge until the charge has been heard and determined by the board. (Stats. 1917, p. 1752, art.

VII, sec. 10, *supra*.) Furthermore, before the officer will forfeit his pension it must appear from the charge found that the dismissed officer has suffered a conviction as for a felony or that he has been guilty of notorious or consecutive insubordination or neglect of duty. (Ordinance, sec. 5, *supra*.) The latter fact nowhere appears in this record.

█ The defendants earnestly contend that the ordinance is unreasonable. We think that under the facts of this case they have not brought themselves in a position where they are entitled to have that question determined. Presenting a record which contains no more of the facts surrounding a dismissal than are presented by this record does not even purport to show anything unreasonable.

It thus appears that on the undisputed facts the plaintiff heretofore became eligible to receive a pension and nothing appears on the face of the record showing that he has forfeited that right.

It follows that the judgment should be reversed. It is so ordered.

Koford, P. J., and Nourse, J., concurred.