[Civ. No. 7711. First Appellate District, Division Two.—December 24, 1930.]

FRED B. DODGE et al., Respondents, v. NATIONAL SURETY COMPANY (a Corporation), Appellant.

Bailie, Turner & Lake for Appellant.

Zach Lamar Cobb and Earl A. Littlejohns for Respondents.

NOURSE, P. J.—Plaintiffs sued for damages for fraud in relation to a real estate transaction. Defendant Surety Company was joined as the surety on the bond of Lloyd and McElmeel, who were real estate brokers. Defendant Hughes was an employee and salesman for the brokers. Plaintiffs had judgment against the Surety Company on its bond for $2,000 and that defendant appeals on a typewritten clerk's transcript.

The appeal being on the judgment-roll, no question of fact is involved. The trial court found that Hughes, while acting in the scope of his employment by the brokers, induced the plaintiffs to purchase real property in the state of Nebraska through fraudulent misrepresentations, resulting in damage to plaintiffs in the sum of $2,000.

The first attack on the judgment is that the complaint fails to state a cause of action because it does not allege that Hughes was acting for a compensation. This, it is argued, is necessary because a real estate broker is defined in the statute (Stats. 1919, p. 1252, sec. 2), as one "who, for a compensation, sells, or offers for sale, buys, or offers to buy, or negotiates the purchase or sale or exchange of real estate". The complaint alleges that Lloyd and McElmeel were copartners duly licensed as real estate brokers under the fictitious name of West Coast Colonization Company and that Hughes was employed by them as a duly licensed real estate salesman. It is then alleged that, while acting as such salesman and agent, Hughes conducted the transactions complained of. By stipulation of the parties there has been added to the record a written agreement under which plaintiffs promised to pay a commission to Hughes when the Nebraska land was sold.

At the outset we may concede that pleadings of this character are not to be approved. If the point had been raised on demurrer the defect might have been easily remedied, and, so far as we may know from the record

brought up, this might have been done during the course of the trial. When the objection to the complaint may be cured by stipulation or by the admission of proof without objection we may assume that it has been cured when the point is raised for the first time on an appeal based on the judgment-roll alone. We so held in *Nittler* v. *Continental Casualty Co.,* 94 Cal. App. 498, 504 [271 Pac. 555, 272 Pac. 309], and appellant has given us no reason why we should change our views.

It is argued that the Surety Company cannot be held liable for fraudulent acts of the brokers' employees because the bond ran to the brokers alone. The point is without merit. The bond is a "faithful performance" bond. (*Bridges* v. *Price,* 95 Cal. App. 394 [273 Pac. 72] ; *Hogberg* v. *Landfield,* 99 Cal. App. 360 [278 Pac. 907].) The bond was conditioned that the brokers would "faithfully perform every undertaking entered into by (them) as a licensed real estate broker under said act". The complaint alleged, and the trial court found, that the acts complained of were done by Hughes as agent for and within the scope of his employment by the brokers. The liability of the principal for the acts of his agent in the scope of the employment is fixed by section 2330 of the Civil Code, and other authority does not need to be cited. The surety having undertaken to insure the faithful performance of the brokers' duties under the act the bond included the acts of the brokers' agents who were employed, and licensed under the same act, to perform those duties.

But it is argued that because under the Real Estate Act (Stats. 1919, p. 1259, sec. 15), a broker's license cannot be revoked for the default of an agent unless the broker had guilty knowledge of the default, therefore, the broker cannot be held liable on his bond unless he had guilty knowledge of the acts of his agent. These provisions of the Real Estate Act are penal and are confined to the punishment that may be inflicted on the broker by the real estate commissioner. They have no application to the civil liability of the broker for the wrongs of his agent. This liability is fixed by the general law of agency applying equally to the contractual relations between principal and agent and to those dealing with them as such. If the Real Estate Act had intended to modify this general rule it

would have used some language indicating that intention. But it is apparent that such was not the intention from the language which confines the section of the act to the proceedings under the act for a revocation or suspension of the broker's license.

For the reasons given the judgment and order are both affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 23, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 19, 1931.