[Civ. No. 11289.   Second Appellate District, Division One.—August 4, 1937.]

KATIE MIDDLETON, Appellant, v. JOYCE PARSONS et al., Respondents.

Ivan J. Johnson III and Willis O. Tyler for Appellant.

Kenneth J. Murphy for Respondents.

DORAN, J.—This is an appeal by plaintiff from a judgment for defendants in an action for damages for personal injuries.   The record on appeal consists of the judgment roll only.

To state it briefly, the allegations in the complaint and the findings reveal that appellant had stumbled over an iron pipe which, from a limited description in the record, appears to have extended about four inches above the sidewalk, as a result of which the alleged injuries were received.   It is contended that liability attaches to respondents, as owner and

lessees, respectively, of the abutting property, by reason of a city ordinance which, in part, reads as follows: "It shall be unlawful for any person . . . to . . . maintain, or to permit . . . to be . . . maintained . . . any obstacle of any nature whatsoever, in or upon any public sidewalk" (Ordinance No. 41980, New Series, City of Los Angeles), and that therefore respondents were negligent *per se*.

The court found that the pipe had been located in the sidewalk "from a time prior to title passing to defendant Joyce Parsons" and that said pipe was not negligently installed, erected, placed or maintained or caused to be so erected or maintained or permitted to be maintained by defendants, against said city ordinance or otherwise or at all.

As a conclusion of law, the court held that the evidence failed to show by a preponderance of, or any, evidence that defendants or any of them were negligent.

As heretofore stated in substance, the appeal herein is taken on the judgment roll alone, in which connection the Supreme Court in *Gin S. Chow* v. *City of Santa Barbara*, 217 Cal. 673, 680 [22 Pac. (2d) 5, 7], has declared: "On such an appeal the power of the reviewing court is necessarily restricted. In such case 'the findings are conclusively presumed to be supported by the evidence; furthermore it is elementary that they are to receive, if possible, such a construction as will uphold rather than defeat the judgment thereon; they are to be liberally construed and, if possible, any ambiguity or inconsistency will be resolved in favor of sustaining the judgment'. (*Ochoa* v. *McCush*, 213 Cal. 426, 430 [2 Pac. (2d) 357]; 2 Cal. Jur., p. 690 et seq.) The judgment may be reversed only upon some fatal error appearing on the face of the judgment roll. (*Miller & Lux* v. *Enterprise Canal etc. Co.*, 145 Cal. 652 [79 Pac. 439].) On an appeal on the judgment roll alone every presumption and intendment is resolved in favor of the regularity of the proceedings in the trial court. (*Johnston* v. *Callahan*, 146 Cal. 212 [79 Pac. 870].) A finding capable of two reasonable constructions must be interpreted according to the one that sustains the judgment, and a finding must be given such a construction, if a reasonable one, as will support the judgment. (*E. W. McLellan Co.* v. *East San Mateo L. Co.*, 166 Cal. 736 [137 Pac. 1145].)"

In the light of the record, and under the law as above quoted, the judgment is affirmed. The appeal from the order denying the motion for a new trial is dismissed.

Houser, P. J., and York, J., concurred.