[Civ. No. 11182.   First Dist., Div. One.   Dec. 22, 1942.]

DAVID KOSHABA, Respondent, v. GEORGE KOSHABA et al., Appellants.

D. W. Brobst and Frederick Dubovsky for Appellants.

McKee, Tasheira & Wahrhaftig, Ridley Stone and Ingemar E. Hoberg for Respondent.

PETERS, P. J.—Defendants George Koshaba, Koshaba & Co. of Oakland, and Koshaba Company of Salt Lake appeal from a judgment for plaintiff rendered in a representative suit brought by plaintiff for the purpose of having George Koshaba removed as a director of both corporations, to compel George Koshaba to restore certain moneys allegedly misappropriated from the corporations, and for other relief. The appeal is taken on the judgment roll. Defendants have heretofore appealed from an order terminating proceedings

for a reporter's transcript, and from an order refusing to set aside the order of termination. The appeal from both orders was dismissed. (*Koshaba* v. *Koshaba,* 51 Cal.App.2d 602 [125 P.2d 535].)

The complaint alleges that plaintiff owns 875 of the 3,500 outstanding shares of stock in each of the corporate defendants; that all of the assets of the Utah corporation have been merged with those of the Oakland corporation, and that they are operated as one business in Oakland; that defendant George Koshaba is the president of both corporations and the managing director thereof; that he completely dominates the board of directors; that full control of the business of the Oakland corporation is in his hands; that the other directors "have in all respects ceased to function as directors thereof and have vested the full direction and control" of the corporation in him; that defendant George Koshaba has been guilty of "fraudulent and dishonest acts and gross abuse of authority and discretion with reference to the business and affairs of said corporation." As specific acts of dishonesty it is alleged that George Koshaba and the other defendants have removed from the premises of the corporation various goods, wares and merchandise; have transferred goods and merchandise belonging to the corporation to George Koshaba; have permitted George Koshaba to make profits by transfers of property of the corporation to himself; and that Koshaba has carried on a competing business in the storeroom of the company in Oakland. It is also alleged that defendant George Koshaba has denied plaintiff access to the records of the corporation; that pursuant to a conspiracy between George Koshaba and the other directors, they have levied an assessment of $1.00 per share on the stock of the corporation so as to cause the stock of plaintiff to be sold, and that such assessment was unnecessary and void.

It is also alleged that prior to the commencement of the action plaintiff made demand upon George Koshaba, as president of the corporation, and upon Edwards, secretary of the corporation, to have them commence an action for restitution to the corporation of the sums allegedly misappropriated, but the complaint does not specifically allege a refusal by them to so proceed.

The prayer of the complaint asked that George Koshaba

and the other directors be removed from office; that they be barred from acting as directors of either corporation; that a receiver be appointed pendente lite to take charge of the business of the corporations and to operate them until new directors could be appointed; that an accounting be had to determine what had been misappropriated, and that the court appoint an inspector or accountant to audit the books and records of the corporations; that judgment be had against George Koshaba and the other directors for whatever amount the court might find they had misappropriated from the corporations; that the assessment be declared void, and an injunction issued against its collection; and "for such other and further relief as may be proper in the premises."

The answer of George Koshaba and the corporate defendants admitted plaintiff's ownership of stock, but denied practically everything else in the complaint.

The court found that the directors of the Koshaba Co. of Oakland were under the domination of George Koshaba; that he had been guilty of fraudulent and dishonest acts and gross abuse of authority; that he had diverted to his own use moneys of the corporation in the sum of $14,226.08; that he owed that amount to the corporation; that Koshaba Co. of Oakland had succeeded to the assets of the Koshaba Company of Salt Lake, including an account known as the Western Loan Building Company account; that, although certain entries in the books of the Oakland corporation made it appear that George Koshaba had advanced the sum of $101,035.87 to the Oakland corporation, such came to that corporation from the Salt Lake corporation; that such entry should be eliminated from the books of the Oakland corporation; that, by the consent of the parties, an accountant was appointed to audit the books of the corporation as asked in the complaint.

The judgment ordered that George Koshaba be removed as a director of both corporations because of his fraudulent acts; that he be barred from election for ten years; that the fictitious entry showing that George Koshaba had advanced $101,035.87 to the Oakland corporation be expunged from the books of the corporation; that the accountant appointed by the court by an order made by consent, in which consent order the question of his fees was reserved, be allowed $2,500; and that a writ of execution be issued in favor of the accountant (Peter Barnett) against the Oakland corporation for the satisfaction of such amount; that Koshaba

Co. of Oakland have judgment against George Koshaba for the amount of $14,226.08; that a lien be had against his stock in that amount; that the assessment levied upon the stock be set aside; and that William Dean be appointed receiver to carry into effect the terms of the judgment and operate the business until a new director be duly elected to take the place of George Koshaba.

After entry of judgment defendants moved for a new trial. On the hearing of the motion, the court determined that certain amendments should be made to the findings. The court found (Finding XVIII) that it was not true, as alleged in paragraph V of the complaint, that defendant George Koshaba took goods of the Oakland corporation without paying for them—"except that said defendant George Koshaba has diverted from the assets of said defendant Koshaba & Co. of Oakland the sum of $14,226.08, as set forth in Paragraph V of these Findings." It also found that it was not true, as alleged in paragraph V of the complaint, that George Koshaba or the other defendants caused to be transferred from the books of the corporation various articles of merchandise at cost price to George Koshaba, and that he sold such goods at a profit to himself (Finding XX); that it was not true that George Koshaba or any of the other defendants carried on at the Oakland storeroom of Koshaba & Co. a business in competition with that company (Finding XXI). It also found that the specific items which made up the sum of $14,226.08, which it had found that Koshaba had diverted from the funds of the corporation, were as follows:

"Unauthorized withdrawals from Koshaba &
   Co. of Oakland.........................$9,133.57
"Understatement of receipts with reference
   to Koshaba & Co. of Oakland.............. 1,456.18
"Understatement of receipts with reference
   to San Francisco partnership, the assets
   of which were transferred to Koshaba &
   Co. of Oakland.......................... 3,636.33"

On this appeal defendants make several contentions, none of which is sound. It is first urged that the complaint does not state a cause of action. In this connection defendants contend that it is the law that it is a condition precedent to the right of a stockholder to bring a representative suit that he first make a demand upon the officers of the corporation to bring

the action, and that the stockholder can maintain the action only upon the refusal of the board to act. It is urged that such demand and refusal must be alleged in the complaint, and that the present complaint is deficient in these respects.

It is unquestionably the general rule that in such an action it is incumbent upon the plaintiff to plead and prove a demand and a refusal to act upon the part of the board of directors. (*Whitehead* v. *Sweet,* 126 Cal. 67 [58 P. 376] ; *James* v. *P. B. Steifer Mining Co.,* 35 Cal.App. 778 [171 P. 117] ; *Eggers* v. *National Radio Co.,* 208 Cal. 308 [281 P. 58].) It is equally well settled, however, that such demand and refusal need not be alleged if the facts that are alleged demonstrate that such a demand would have been futile. (*James* v. *P. B. Steifer Mining Co., supra; Pourroy* v. *Gardner,* 122 Cal.App. 521 [10 P.2d 815] ; see cases collected 6A Cal.Jur. p. 812, § 459.)

In the present case a demand was alleged. Paragraph XII of the complaint alleges that prior to the commencement of the action "plaintiff made demand upon said corporation and upon said defendant George Koshaba, as President of said corporation, and upon said defendant William Edwards, the secretary of said corporation, to commence" the action. This allegation was found to be true by the trial court. However, no refusal upon the part of the board to proceed is alleged. But the allegations of the complaint, found to be true by the trial court, are of such a nature as to demonstrate that to have awaited formal refusal would have been futile. Thus it is alleged that George Koshaba was guilty of various fraudulent and dishonest acts; that the other members of the board "are under the domination and control of said George Koshaba and exercise no functions whatsoever in the conduct of the business of said corporation as such directors except to carry out the bidding and directions of said George Koshaba, and in all respects follow his dictates, orders, and suggestions and exercise no discretion whatsoever in connection with the management of said corporation, and have in all respects ceased to function as directors thereof and have vested the full direction and control of said corporation in said defendant George Koshaba." It is obvious that such allegations bring the case within the exception above noted. To have awaited a formal refusal by the board to proceed obviously would have been futile.

Defendants contend that the judgment for the removal of

George Koshaba as director of the two corporations is not supported by the findings. This contention is predicated upon the fact that in denying the motion for a new trial the trial court amended its findings so as to find that it was untrue that George Koshaba had committed the acts charged in paragraph V of the complaint. In so doing, however, in two of the amended findings (Findings XVIII and XIX) the trial court, after finding that certain charges were untrue, found "except that said defendant George Koshaba has diverted from the assets of said defendant Koshaba & Co. of Oakland the sum of $14,226.08, as set forth in Paragraph V of these Findings." The court also found (Finding V) that George Koshaba had so manipulated the books of the Oakland corporation as to make it appear that the corporation owed him $101,035.87; and further (Finding VIII) that he had entered into and directed a conspiracy to defraud plaintiff, a stockholder, by directing a void assessment to be levied on the stock of such stockholder. These findings, in the absence of a transcript of the evidence, must be conclusively presumed to be based on substantial evidence. It needs no citation of authority that the trial court possesses power to remove a director guilty of such defalcations and misdeeds.

■ Defendants urge, however, that the court erred in its findings concerning the $101,035.87, and the $14,226.08 items for the reason that there are no allegations concerning such specific items in the complaint. It is urged that such findings were, therefore, outside the issues framed by the complaint. While it is true that the complaint contains no allegations specifically charging these misdeeds, it must be remembered that this is an appeal on the judgment roll alone. The rules applicable to such appeals have frequently been announced by the courts. In *Gin S. Chow* v. *City of Santa Barbara*, 217 Cal. 673, 680 [22 P.2d 5], the Supreme Court stated such rules as follows: "The appeal is taken on the judgment roll alone. On such an appeal the power of the reviewing court is necessarily restricted. In such case 'the findings are conclusively presumed to be supported by the evidence; furthermore it is elementary that they are to receive, if possible, such a construction as will uphold rather than defeat the judgment thereon; they are to be liberally construed and, if possible, any ambiguity or inconsistency will be resolved in favor of sustaining the judgment.' (*Ochoa* v. *McCush*, 213 Cal. 426, 430 [2 P.2d 357, 359];

2 Cal.Jur. p.690 et seq.) The judgment may be reversed only upon some fatal error appearing on the face of the judgment roll. (*Miller & Lux* v. *Enterprise Canal etc. Co.*, 145 Cal. 652 [79 P. 439].) On an appeal on the judgment roll alone every presumption and intendment is resolved in favor of the regularity of the proceedings in the trial court. (*Johnston* v. *Callahan*, 146 Cal. 212 [79 P. 870].) A finding capable of two reasonable constructions must be interpreted according to the one that sustains the judgment, and a finding must be given such a construction, if a reasonable one, as will support the judgment. (*E. W. McLellan Co.* v. *East San Mateo L. Co.*, 166 Cal. 736 [137 P. 1145].) *In the absence, as here, of the transcript of the evidence, it will be presumed that facts found not within the formal issues were supported by evidence introduced by the parties under stipulation or without objection.*" (Italics ours.) On the last point, italicized above, which is decisive of the point here raised, see, also, *Freeman* v. *Gray-Cowan, Inc.*, 219 Cal. 85 [25 P.2d 415]; *Hoover* v. *Lester*, 16 Cal.App. 151 [116 P. 382]; *Dodge* v. *National Surety Co.*, 110 Cal.App. 618 [294 P. 741]; *Consolidated Prod. Co.* v. *Takahashi*, 52 Cal.App. 2d 753 [127 P.2d 281]. In the last case above cited the court stated (p. 757): "It is true, as maintained by Manos, that the foregoing finding of waiver is not supported by any sufficient pleading. However, as the appeal is on the judgment roll alone, we are required to resolve all presumptions and intendments in favor of the judgment to the extent that we must presume that the case was tried upon the theory that this particular ground of waiver was properly before the court; that evidence was received on this subject without objection; that the evidence sustained this finding." In the instant case, therefore, it must be presumed that evidence was offered on these issues; that such evidence came in by stipulation or without objection; and that such findings are supported by that evidence.

█ It is next urged that the trial court erred in giving judgment against Koshaba & Co. in favor of Peter Barnett in the sum of $2,500, in fixing such allowance at $2,500 without the filing of a cost bill, and in ordering execution to issue to enforce Barnett's rights. The court "adjudged and decreed" that Koshaba & Co. of Oakland pay the sum of $2,500 to the accountant, Peter Barnett, and also directed that execution issue thereon, and that the receiver appointed pay that sum to Barnett as a preferred cost in the proceeding.

There can be no doubt that the court properly assessed the accountant's charge against the corporation, and properly fixed the amount of the charge without requiring a cost bill to be filed. Section 357 of the Civil Code, dealing with the remedies of a stockholder who seeks to compel the corporation to allow him to exercise his right of inspection, provides that where the court orders such inspection "all expenses of the investigation or audit shall be defrayed by the applicant unless the court shall order them to be paid or shared by the corporation." The findings show that an order was made "by consent of the parties hereto" that Peter Barnett be appointed as such accountant (Finding XVI). In Finding XIII it is stated that the above order expressly provided that "the person who shall pay the expenses of this investigation or audit shall later be determined by this Court." In the same finding the court finds that acting pursuant to that reserved power it now "finds that the corporation should defray the expenses of said audit and the fee of said auditor; and the Court finds that the expenses of said audit which are to be paid by said Koshaba & Co. of Oakland to said Peter Barnett are $2,500.00."

The court clearly acted properly and well within its powers in ordering the corporation to pay this charge. Section 357 of the Civil Code requires no cost bill to be filed, but provides the court shall determine who shall bear this expense. In the absence of a record we must presume that the amount fixed is reasonable.

The court not only fixed the amount of this charge and made it a preferred charge against the corporation, but also ordered in its judgment that "a writ of execution be issued herein in favor of said Peter Barnett and against said defendant Koshaba & Co. of Oakland for the payment of said costs" and ordered that the receiver "out of the first moneys available, shall pay the said sum of $2,500.00 out of the assets of Koshaba & Co. of Oakland, to said Peter Barnett." Defendants urge that a court is without power to grant a judgment to one not a party to the action, and that this portion of the judgment is void, citing cases to the effect that a judgment in divorce proceedings directing a fee to be paid to an attorney is void. (*Keck* v. *Keck*, 219 Cal. 316 [26 P.2d 300]; *Stevens* v. *Stevens*, 215 Cal. 702 [12 P.2d 432]; *Pennell* v. *Superior Court*, 87 Cal.App. 375 [262 P. 48].)

No authorities in point are cited by either party. In our opinion, however, there are compelling reasons why the divorce cases are not in point, and why, in a case such as this, the trial court should possess the power to implement its decree by directing that the cost of such audit shall be paid by the receiver or by directing that a writ of execution issue. Section 357 of the Civil Code confers a statutory right on a stockholder to secure such inspection, and imposes a statutory liability upon the person upon whom the court imposes the charge. The inspector or auditor is not appointed by the parties, as is the attorney in a divorce action, but is appointed by the court, and reports to the court. In that sense, he is a direct officer of the court. We think the statute, by its very nature, impliedly confers on the court the power to enforce the powers conferred, by the expeditious and time-saving method here adopted by the court. It must be assumed that in conferring the power on the court, the Legislature intended to confer the authority to enforce the power. Moreover, it must be remembered that this is an equity case. The equity courts are not dependent on precedents. ''A court of equity will always find the means of enforcing its decrees against a delinquent defendant, and its power in this respect is as extensive as the exigencies of the case.'' (*Wickersham* v. *Crittenden*, 93 Cal. 17, 33 [28 P. 788].)

Defendants contend that the court was without power to declare the $1.00 assessment void; that the board of directors has sole and exclusive power to levy assessments; and that the discretion of the board cannot be interfered with by the courts. The court found that the challenged assessment was ''illegal and void''; that the assessment was levied pursuant to a conspiracy on the part of the board ''to defraud plaintiff herein of his interest in said corporation''; that the assessment was not necessary because ''George Koshaba had diverted from the assets of said corporation the said sum of $14,226.08 and was holding said sum for said corporation, which said sum so held by said defendant George Koshaba made it unnecessary for the conduct of the business of said corporation to levy said assessment and that said assessment by reason of said conspiracy and by reason of the fact that it was not necessary to be levied to carry on the business of said corporation, is illegal and void.'' Thus, the question is, does a court have the power to invalidate an assessment that was not levied for a proper purpose, that was unnecessary,

and was levied in pursuance of a conspiracy to defraud a particular stockholder of his stock ownership? On that question there is and should be no doubt. ██ It is true that section 331 of the Civil Code provides that in their discretion directors may levy and collect assessments. That section necessarily implies that the discretion conferred must be validly exercised for a legal and beneficial purpose. It certainly cannot be contended that, when an assessment is levied pursuant to a conspiracy to freeze out a particular stockholder, such assessment is levied for a legal or beneficial purpose. Courts are, of course, loath to interfere with the discretion conferred upon the board of directors. ██ It will always be presumed that the assessment was made in good faith and for a proper purpose. If the purpose is a proper one, the motive of the directors in levying it is immaterial. But here· we must conclusively presume that the findings that the assessment was not made in good faith, that it was not levied for a proper purpose, that it was unnecessary, and that its sole purpose was to freeze out plaintiff, are supported by the evidence.

The cases cited by defendants do not establish a different rule. In *Clark* v. *Oceano Beach Resort Co.*, 106 Cal. App. 574 [289 P. 946], the trial court found that the assessment was not levied in good faith but was levied pursuant to a conspiracy on the part of members of the board to oust certain stockholders and to gain control of the corporation. In reversing the order of the trial court the appellate court did not hold that the above grounds were not sufficient to invalidate the assessment, as contended by defendants, but held that: "There is no evidence of a conspiracy between the directors named in the finding" (p. 577). The court then recites the evidence and holds that the finding is unsupported. In the instant case the basic finding must be presumed to be supported. The same situation existed in *Glenn* v. *California Trona Co.*, 38 Cal.App. 601 [177 P. 178], and *Von Horst* v. *American Hop & Barley Co.*, 177 F. 976.

██ Defendants' contention that the finding that George Koshaba held $14,226.08 for the corporation (Finding VIII) is contradictory to the finding that he misappropriated that sum to his own use (Finding V), is clearly without merit. The findings, when read together, simply mean that George Koshaba illegally diverted that sum to his own use, and, as a result, holds the same as trustee for the corporation.

The last contention of defendants is that it was error for the trial court to appoint a receiver to carry the judgment into effect. The trial court, by its judgment, appointed William Dean as receiver of the two companies, for the purposes of running the business until a new director was elected; of calling an election to elect a new director; of securing a writ of execution to be levied against the stock of George Koshaba to enforce the money judgment granted against him; to pay Peter Barnett, and to report back to the court. Defendants urge that the trial court possessed no power to divorce the duly constituted directors from control of the corporation, and that if it possessed the power, it abused its discretion in the present case. There is no merit in these contentions. Section 564, subdivision 3, of the Code of Civil Procedure, expressly confers upon the trial court power to appoint a receiver "after judgment, to carry the judgment into effect." That is exactly what the court here did. The court did not dissolve the corporation. It merely took reasonable steps to preserve the business in safe hands pending the election of a new director and manager, and to insure that its judgment would be carried into effect.

The fact that the corporation is a solvent, going concern does not deprive the court of the power to appoint a receiver. Although the power should be sparingly exercised, and never used in a doubtful case, it is well settled that a court of equity has inherent power to appoint a receiver at the request of a stockholder on the grounds of fraud or mismanagement, or where, because of dissensions on the board, it cannot properly function. This was the express holding of this court in the recent case of *Misita* v. *Distillers Corp. Ltd.,* 54 Cal.App.2d 244 [128 P.2d 888]; see, also, *Golden State Glass Corp.* v. *Superior Court,* 13 Cal.2d 384 [90 P.2d 75]; *Boyle* v. *Superior Court,* 176 Cal. 671 [170 P. 1140]; *Wickersham* v. *Crittenden,* 93 Cal. 17 [28 P. 788]; *California etc. Assn.* v. *Superior Court,* 8 Cal.App. 711 [97 P. 769].

The judgment appealed from is affirmed.

Knight, J., and Bray, J. pro tem., concurred.