[L. A. No. 9894. In Bank.—December 22, 1928.]

LOU M. SACRE, Appellant, v. IMPERIAL WATER COM-
PANY NUMBER THREE et al., Respondents.

Harry W. Horton for Appellant.

H. H. Myers for Respondents.

THE COURT.—This appeal was submitted upon an order
to show cause, the respondents having presented and filed no
brief. The appeal is on the judgment-roll. The action was
instituted by the plaintiff to determine the ownership of
150 shares of the capital stock of the defendant Imperial
Water Company Number Three, as represented by stock
certificate No. 423. The plaintiff alleged that the Imperial
Water Company was at all the times mentioned in said

complaint a mutual water company organized for the purpose of owning and operating a system of irrigation canals and distributing water for irrigation and domestic purposes to its stockholders upon lands irrigable from its canals upon which said stockholders have located sufficient stock of said company entitling them to water; and that by the by-laws of the corporation it was provided that water should only be furnished and sold to owners of its capital stock, and that such stock shall be appurtenant to the land described in the certificate. The plaintiff further alleges that the real property of which he alleges himself to be the owner is described in said certificate No. 423, and that it is, therefore, appurtenant to plaintiff's said land, and as a consequence he is entitled to have his title thereto quieted. The defendants Chalupnik and Sharon deny that the plaintiff is the owner of said shares of capital stock of said corporation, or that the same is appurtenant to the plaintiff's said land or any portion thereof. The trial court found that the said corporation was a mutual water company, and that its by-laws contained the provision set forth in plaintiff's complaint, and that the plaintiff was the owner of the tract of land referred to in the certificate for said shares of stock. The court, however, further found that said stock was purchased and paid for by the defendants Chalupnik, and that they were the owners thereof, and that the aforesaid stock was not appurtenant to plaintiff's said land. Judgment was thereupon ordered and entered in favor of the defendants, and from such judgment this appeal was taken. ▇ The appeal being upon the judgment-roll, we must assume that the evidence in the case fully sustained the finding of the trial court to the effect that the defendants Chalupnik were the purchasers and owners of the stock in question, and that the plaintiff had no interest therein other than that which might inferentially arise from the fact that he was the owner of the land to which said certificate of stock referred as being the land to which the water right represented thereby was appurtenant. We must assume, therefore, that the trial court had before it a state of facts which would have justified a more explicit finding that a severance had been created between said stock certificate and the land in question, whereby the plaintiff, while remaining the owner of the

land, had either failed to acquire or had ceased to have any interest in said stock certificate. This being so, and the plaintiff having chosen to rely upon the judgment-roll, we are unable to say therefrom that the aforesaid finding of the trial court was not justified by the evidence before it. If so justified, said finding is sufficient to uphold the judgment in the defendant's favor.

The judgment is affirmed.

Hearing in Bank denied.

All the Justices present concurred.