[Civ. No. 1895.    Fourth Appellate District.—May 21, 1938.]

J. W. BICKNELL et al., Respondents, v. W. C. STRAWN, Appellant.

Karl F. Kennedy for Appellant.

Chester O. Hansen for Respondents.

BARNARD, P. J.—The plaintiffs brought this action to recover an unpaid balance of rent claimed to be due under a written lease. The complaint alleged that the defendant leased certain real property from the plaintiffs under a written agreement dated July 5, 1931, for a term of two years commencing on that date and ending on July 4, 1933, for a

rental of $3,000 payable at the rate of $125 on the 5th day of each month. It is then alleged that the rental which became due on November 5, 1931, was not paid; that on or about that date the defendant repudiated the lease and abandoned the premises; that the plaintiffs took possession for and on account of the defendant and endeavored to rent the same but were unable to do so; and that the plaintiffs operated the premises for and on account of the defendant from January 5, 1931, to July 4, 1933. The prayer is for $2,500. The answer admits the execution of the lease but as a defense alleges that the defendant surrendered the premises to the plaintiffs on November 5, 1931, that the plaintiffs accepted the same, and that on that date the lease was canceled by mutual consent.

Among other things, the court found that on November 5, 1931, the defendant surrendered the premises and the plaintiffs took and resumed possession thereof and retained such possession for the entire remaining period of the lease for their own use and benefit, except for the month ending December 4, 1931. As a conclusion of law, the court found that the plaintiffs were entitled to a judgment against the defendant for $125 for rental of said premises for the month commencing November 5, 1931. Judgment was entered accordingly and the defendant moved for an order setting aside the judgment and substituting a judgment in his favor on the ground that the conclusion of law was inconsistent with and not supported by, the findings of fact. This motion was denied and the defendant has appealed from the order denying that motion.

The appeal is presented on a bill of exceptions which contains only the judgment roll, and the evidence is not before us. The appellant relies upon another finding to the effect that on August 6, 1931, he paid the rent of $125 by a check upon which appears the notation ''Rent for Oil Center Rooms for August 6 to September 6'', that on September 6, 1931, he paid another $125 by check containing a similar notation, that on October 6, 1931, he paid another $125 by a check containing the notation ''Rent for Oil Center Rooms Oct. 6, 1931 to Nov. 6, 1931'', and that each of these checks was accepted by the respondents without objection. It is argued that this finding shows that nothing was due until the morning of November 6, 1931, that the court also found that the re-

spondents had possession of the premises for their own use and benefit from and after November 5, 1931, and that it follows that the conclusion that a month's rent was due is inconsistent with, and not supported by, the findings.

Appellant is in error in saying that the court found that the respondents retained possession of the premises for their own use and benefit at all times after November 5, 1931. While the court found that they took possession on that date it also found, in response to the issue raised by the pleadings, that their possession was for their own use and benefit after the month ending on December 4, 1931. There is an implied finding that it was not for their use and benefit during that month. The issue now suggested by the appellant, as to whether the rental had in fact been paid up to midnight of November 5, 1931, in spite of the terms of the written lease, was not raised in the pleadings, which is all we have before us, and under the plain admission of the answer filed by appellant one month's rental was due and payable to the respondents. In any event, the finding relied upon by the appellant would make a difference of only one day's rent. However, it was not responsive to any issue raised by the pleadings and cannot be controlling here, where no other record is before us.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 18, 1938.