[Civ. No. 2808.   Fourth Dist.   June 18, 1942.]

CONSOLIDATED PRODUCE COMPANY, LTD., (a Corporation), Plaintiff, v. K. TAKAHASHI et al., Defendants; MRS. K. TAKAHASHI, as Administratrix, etc. (Substituted D e f e n d a n t), Respondent; GEORGE MANOS, Appellant.

Stickney & Stickney and William H. Wylie, for Appellant.

Elmer W. Heald, Frank Birkhauser and Harry W. Horton for Respondent.

MARKS, J.—This is an appeal from a judgment awarding respondent money, deposited in court, in an action in interpleader brought to determine the claimant entitled to receive this money. Appellant has also moved the court for an order to transmit a certain exhibit here for use on this appeal.

Pending this appeal K. Takahashi died, and his widow, Mrs. K. Takahashi, as administratrix of his estate, has been substituted in his stead.

This appeal was taken on the judgment roll. As far as the record shows no steps were taken in the court below for the preparation of a reporter's transcript or a bill of exceptions. A party dissatisfied with a judgment may appeal on the judgment roll alone, and when he does, his appeal must be decided on that record. Under such circumstances we cannot order up any part of the record which properly should have been included in a reporter's transcript, had one been ordered, but which forms no proper part of the clerk's transcript on appeal. (*Borenstein* v. *Borenstein*, 20 Cal. (2d) 379 [125 P. (2d) 465]; *Sutcliffe* v. *Sutcliffe*, 220 Cal. 398 [31 P. (2d) 195]; *Stern & Goodman Inv. Co.* v. *Danziger*, 206 Cal. 456 [274 Pac. 748].)

To understand the issues involved, a somewhat detailed statement of facts is required. Some of the facts are set forth in *Takahashi* v. *Kunishima*, 34 Cal. App. (2d) 367 [93 P. (2d) 645].

Manos Brothers was a partnership composed of George and William Manos.

In 1937, Harry K. Kunishima had possession of twenty acres of land in Imperial County on which he raised tomatoes. The trial court found:

"That the said Harry K. Kunishima had, on or about the 30th day of August, 1937, made and entered into a marketing contract and agreement with the defendant George Manos, by the terms of which contract the said George Manos agreed to advance to the said Harry K. Kunishima certain sums of money at specified times and agreed to do and furnish certain things, including the payment to the said Harry K. Kunishima of sixty cents ($.60) per crate of tomatoes, advancing the same on Tuesday and Friday of each week as said tomatoes were harvested and packed."

On December 11, 1937, Kunishima executed a promissory note for $4,000.00, payable to Manos Brothers, which was secured by a mortgage on the tomato crop. This mortgage was duly recorded. The promissory note and crop mortgage were sold and assigned to George Manos by Manos Brothers on July 10, 1938.

About July 12, 1938, Takahashi filed suit in the Superior Court of Imperial County against Harry K. Kunishima to recover judgment on his own and assigned claims for wages. He recovered judgment on July 26, 1938, for $1,064.00. A writ of attachment had been issued and served on Consolidated Produce Company, Ltd. After judgment execution was issued and served on that company. A return was made showing the company held the sum of $1,140.91 as the sale price of tomatoes delivered by Harry K. Kunishima.

On July 22, 1938, George Manos filed suit against Harry K. Kunishima on the promissory note. In this action he did not seek to foreclose the crop mortgage securing the note. Manos filed an affidavit for an attachment in which he stated that the note "was secured by a mortgage upon personal property, but that said security has become valueless." A writ of attachment was issued and served on Consolidated Produce Company, Ltd., subsequent to the levy made in the action of *Takahashi* v. *Kunishima.*

Consolidated Produce Company, Ltd., brought this action in interpleader against K. Takahashi, Harry K. Kunishima, George Manos and Manos Brothers to require them to litigate

their claims to the money it held which was deposited in court.

Harry K. Kunishima filed an answer in which he asserted no claim to the money.

Various pleadings under various names were filed by Takahashi and George Manos. They are certainly not examples of good pleading. When stripped of their unnecessary verbiage we believe they sufficiently set forth the ultimate facts upon which their respective claims to the money are founded.

Manos bases his claim upon the lien of the crop mortgage and upon the alleged conversion of the mortgaged tomato crop by Kunishima.

Takahashi bases his claim on the liens of the attachment and execution and on the alleged waiver of the security of the mortgage by Manos Brothers and George Manos. As a ground of waiver Takahashi pleaded the suit on the promissory note, the facts stated in the affidavit for an attachment, and the fact of the issuance and levy of the writ of attachment on plaintiff in the action by Manos.

The trial court found the facts in accordance with the allegations in the pleadings of Takahashi, concluded that the security had been waived and gave judgment for Takahashi.

As an additional ground of waiver the trial court also found:

"That in the spring of 1938 and as soon as said tomatoes were ripe and ready for harvesting, the defendant Harry K. Kunishima commenced the harvesting and packing of said tomatoes and delivered the same to the defendants George Manos or Manos Brothers until a date in May, 1938, when the said George Manos and Manos Brothers then and there refused to accept delivery of said tomatoes or to receive the same for resale, or otherwise, and on or before the 20th day of May, 1938, the said George Manos and Manos Brothers did authorize and direct the said Harry K. Kunishima to harvest and pack said tomatoes remaining on said property and to sell the same himself directly to such purchaser or purchasers as he might be able to find for said unsold tomatoes. That the said George Manos and Manos Brothers did cease advancing to the said Harry K. Kunishima the amounts of money provided for in said marketing contract and thereafter and commencing with the 20th of May, 1938, the said Harry K. Kunishima, with the full knowledge and consent of the defendants George Manos and Manos Brothers, did sell

the balance of said tomatoes that were harvested from said premises to the plaintiff Consolidated Produce Company, Ltd., a corporation, harvesting, marketing and selling the same to said Consolidated Produce Company, Ltd., openly and notoriously and with the full knowledge, consent and approval of the defendant George Manos and the defendant Manos Brothers, and that the said Manos Brothers and George Manos did authorize the sale of said tomatoes by the said Harry K. Kunishima to the said Consolidated Produce Company, Ltd., free from any lien of said mortgage and did waive any rights of the said George Manos and Manos Brothers to the lien of said mortgage or to the enforcement of said mortgage as to said remaining tomatoes and/or the proceeds thereof.''

It is true, as maintained by Manos, that the foregoing finding of waiver is not supported by any sufficient pleading. However, as the appeal is on the judgment roll alone, we are required to resolve all presumptions and intendments in favor of the judgment to the extent that we must presume that the case was tried upon the theory that this particular ground of waiver was properly before the court; that evidence was received on this subject without objection; that the evidence sustained this finding.

The rule governing us in cases of this kind is clearly set forth in *Freeman* v. *Gray-Cowan, Inc.*, 219 Cal. 85 [25 P. (2d) 415], as follows:

''The general rule is that a finding outside the issues must be disregarded. However, where the parties voluntarily submit and try an issue without any specific pleadings they may not thereafter complain that the findings and judgment were not within the issues framed by the pleadings. (*McDougald* v. *Hulet*, 132 Cal. 154 [64 Pac. 278]; *Poledori* v. *Newman*, 116 Cal. 375 [48 Pac. 325]; *Barr* v. *Smith*, 201 Cal. 87 [255 Pac. 827]; *Kirk* v. *Culley*, 202 Cal. 501, 505 [261 Pac. 994].) . . .

''However, the record is not before us and it is impossible to determine whether objections were made to the introduction of the deeds which established title in the plaintiff. Nor is it possible to ascertain with respect to what issue or for what purpose the offer was made. In accordance with the rule that every intendment must be indulged in favor of the judgment, we must assume that the evidence was introduced in support of the issue of title. In *Silvers* v. *Grossman*, 183 Cal. 696, 702 [192 Pac. 534], it is said: 'And, where the

appeal is upon the judgment roll alone, so that the record fails to disclose whether or not, at the trial, objections were interposed to evidence as not within the issues, it has been held that it will be presumed in support of the findings and judgment that the pleadings were treated as sufficient to raise the issues upon which the findings were made and that the evidence in support of such issues was introduced and went in without objection (*Illinois Trust & S. Bank* v. *Pacific Ry. Co.*, 115 Cal. 285, 296 [47 Pac. 60] ; *McDougald* v. *Hulet*, 132 Cal. 154, 159 [64 Pac. 278] ; *Beardsley* v. *Clem*, 137 Cal. 328, 332 [70 Pac. 175] ) ; although the rule may be different where such a presumption would result in the reversal of the judgment. (*Rudel* v. *Los Angeles County*, 118 Cal. 281 [50 Pac. 400].)' A most pertinent statement is also found in *Poledori* v. *Newman, supra,* at page 377, as follows : 'Upon a direct appeal from the judgment upon the judgment roll alone, it will be assumed in support of the judgment that all objections to evidence in support of the findings were waived. If objections to the introduction of any evidence had been made upon the ground that the defect to which it was related was not alleged in the complaint, the court would have permitted the plaintiffs to amend their complaint. Parties will not be permitted to lie by and keep silent when evidence is offered, and after the court has rendered its judgment, object thereto upon the ground that the evidence sustaining it was inadmissible under the issues presented by the pleadings.' ''

To the same effect are the cases of *Peck* v. *Noee*, 154 Cal. 351 [97 Pac. 865] ; *Sacre* v. *Imperial Water Co. No. 3*, 206 Cal. 13 [272 Pac. 1044] ; *Dodge* v. *National Surety Co.*, 110 Cal. App. 618 [294 Pac. 741] ; *Harper* v. *Buckles*, 19 Cal. App. (2d) 481 [65 P. (2d) 947] ; *Dorris* v. *Crowder*, 26 Cal. App. (2d) 49 [78 P. (2d) 1039] ; *Bicknell* v. *Strawn*, 26 Cal. App. (2d) 491 [79 P. (2d) 775] ; and *Fresno City High School Dist.* v. *De Caristo*, 33 Cal. App. (2d) 666 [92 P. (2d) 668].

The sole question presented to us for decision is this : Do the facts found support the conclusion of waiver of the security and thus support the judgment?

Section 2972 of the Civil Code provides that the lien of a crop mortgage continues on the crop after its severance from the ground so long as it remains on the land of the mortgagor. It is also settled that if the mortgagor wrongfully removes the crop from his land without the knowledge and consent

of the mortgagee, the mortgagee may follow it. Also that under certain circumstances a mortgagee may claim the proceeds from a wrongful sale of the mortgaged property. (*McIntyre* v. *Hauser*, 131 Cal. 11 [63 Pac. 69].)

We have no such state of facts here. ▮ The mortgagee breached its contract with the mortgagor and refused to accept the tomatoes which the mortgage required be delivered to the mortgagee for sale at the best price obtainable, told the mortgagor to sell the crop elsewhere, and knew that the tomatoes had been sold and delivered to plaintiff. Under the findings it is clear that after May 20, 1938, neither Manos Brothers nor George Manos made any objection to the sale to plaintiff nor made any claim on the crop or the proceeds of its sale until after Takahashi had attached the money in the hands of plaintiff. In the action in which the attachment was issued, George Manos, the owner of the note, did not claim the money by virtue of the lien of the mortgage but by means of a writ of attachment issued in an action on the promissory note and not to foreclose the mortgage. Nor did he then seek possession of the tomatoes by reason of the lien of the mortgage and their tortious removal by the mortgagor. His claim to the tomatoes and the money representing their sale price was first asserted in this action.

Under similar circumstances it has been held that the mortgagee waived the lien of the mortgage. See, *Ramsey* v. *California Packing Corp.*, 51 Cal. App. 517 [201 Pac. 481]; *Riddle* v. *Etling*, 84 Cal. App. 460 [258 Pac. 162]; *Valley Bank* v. *Hillside Packing Co.*, 91 Cal. App. 738 [267 Pac. 746]; *Haber* v. *J. G. Boswell Co.*, 130 Cal. App. 514 [20 P. (2d) 100]; *I. S. Chapman & Co.* v. *Ulery*, 15 Cal. App. (2d) 452 [59 P. (2d) 602]; *Wingard* v. *Banning*, 39 Cal. 543.

In *I. S. Chapman & Co.* v. *Ulery, supra,* the court quoted from *Ramsey* v. *California Packing Corp., supra,* as follows:

" ' . . . obviously, if the crops were removed by and with the consent of the plaintiff, then they were not wrongfully or tortiously removed and in that case the lien of the mortgage ceased upon such removal by operation of law. This proposition follows from the terms of section 2972 of the Civil Code. . . . This agreement (allowing the mortgagors to sell the mortgaged crops and turn over the proceeds of sale to the plaintiff and Emerson) amounted in practical effect to a substitution of the personal obligation of the mortgagors for the security of the mortgage . . .' "

As the lien of the mortgage had been waived, and as the lien secured by Takahashi in his action against Harry K. Kunishima was prior to the lien of the attachment by Manos in his action on the promissory note, the trial court correctly awarded the funds in controversy to Takahashi.

The motion to order an exhibit transferred to this court is denied.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 13, 1942.