[Civ. No. 14646.   Second Dist., Div. Three.   May 28, 1945.]

FRANK EUGENE BLUMENTHAL, Appellant, v. W. I. HOLLINGSWORTH & CO. (a Corporation), Respondent.

Girard F. Baker and U. T. Clotfelter for Appellant.

W. C. Shelton and George W. Burch, Jr., for Respondent.

WOOD (Parker), J.—Plaintiff appeals from an order granting defendant's motion for a new trial. In a trial without a jury plaintiff had judgment for $2,250, which amount represented one-half of a commission paid to defendant for the lease and sale of certain real property. Defendant's motion for a new trial was granted on the ground of insufficiency of the evidence to sustain or justify the decision.

Plaintiff and defendant were licensed real estate brokers. Defendant had the exclusive agency to sell certain real property owned by Arden Farms Company, which company will be referred to as Arden. Arden agreed to pay defendant a commission for its services as such agent. Defendant posted a notice on said property which stated that defendant was the sole agent, and that anyone interested in the property should see Mr. Hughes. Hughes was a salesman for defendant, licensed to sell real estate under defendant's license, and "handled all the Arden property" listed with defendant for sale. A company by the name of Marketville, Inc., which will be referred to as Marketville, desired to acquire a parcel of property on which to erect a farmer-type market. Plaintiff was the exclusive agent of Marketville to lease or purchase a suitable site for such a market. Plaintiff saw the Arden property, read the notice posted thereon, telephoned defendant company, talked with Hughes, and arranged for an interview. He then went to defendant's office where he and Hughes discussed the property. Thereafter, plaintiff communicated with his principal and a meeting was held which was attended by Hughes, plaintiff, and two representatives of Marketville. Thereafter, on February 21, 1941, Marketville made an offer to purchase which was rejected by Arden. Subsequently, several meetings were held at which plaintiff, Hughes, and representatives of both Marketville and Arden were present. Hughes was the only representative of defendant company who participated in said meetings. One meeting was held between a representative of Arden and a representative of Marketville. As a result of negotiations at these meetings, a lease with an option to purchase, drawn by attorneys for Arden and Marketville, was executed on May 14, 1941. Said lease provided in part: "It is understood and agreed by the lessor and the lessee that W. I. Hollingsworth &

Co., duly licensed real estate brokers, are representing the Lessor in connection with this lease, and the option herein contained and shall be paid a commission by the Lessor herein." No provision was made therein in regard to plaintiff and there was no written agreement between plaintiff and defendant to share said commission. The option was subsequently exercised and a commission of $4,500 was paid to defendant by Arden. After the execution of said contract, plaintiff telephoned Hughes and asserted an interest in the commission. Hughes related plaintiff's assertion to Mr. Swan, secretary and general manager of defendant company, who arranged a meeting at which he, plaintiff and Hughes were present. This was the first time that Swan had seen plaintiff or had had any communication with him. Plaintiff's claim for a commission was discussed but no decision was made, and it was decided to resume the discussion at a later date. Hughes died before another meeting was held. There were subsequent discussions between plaintiff and Swan concerning plaintiff's claim.

Plaintiff testified that he and Swan "differed with each other" on the question "as to the amount due" him; that Swan was figuring an equal division of the total amount, but they did not agree on the sum to be divided.

Swan testified that he "made no agreement whatever" to pay plaintiff part of the commission, but he did discuss the question of making a settlement out of court with plaintiff; and that before the case went to trial he made plaintiff an offer of compromise.

A letter written by Marketville, addressed to plaintiff and dated February 22, 1941, was offered in evidence and was received. The letter stated that plaintiff was "Hereby" appointed the exclusive agent of Marketville, and that plaintiff had advised Marketville that he was to receive one-half of the commission paid by Arden. On cross-examination it was pointed out that the letter was written on the letterhead of Marketville, showing its address to be that of the property which it had not purchased from Arden at that time, February 22, 1941, and which it did not purchase until May 14, 1941.

Plaintiff commenced this action for a share of the commission, and alleged as a first cause of action that he had an agreement with defendant that in the event a lease or sale of said property was made "to a prospect produced by plain-

tiff, that the defendant would pay to plaintiff one-half (½) of all real estate commissions received by defendant as a result of such lease'' or sale. A second cause of action was for the reasonable value of services rendered in connection with the lease. A third cause of action was for the reasonable value of services rendered in connection with the sale of said property. The fourth and last cause of action was for the reasonable value of services rendered in connection with both the lease and sale of said property. It appears from a memorandum written by the trial judge, at the time he decided the case, that judgment was based upon the fourth cause of action.

Plaintiff contends there was no substantial conflict in the evidence, that the evidence fully supported the findings and original decision, and therefore the order granting the motion for a new trial cannot be sustained.

''[T]he granting of a motion for a new trial rests so completely within the discretion of the trial judge that an appellate court will not interfere with his action unless a manifest and unmistakable abuse of discretion clearly appears.'' (*Mazzotta* v. *Los Angeles Ry. Corp.* (1944), 25 Cal.2d 165, 169 [153 P.2d 338].) ▆ In passing upon such motion the trial court is entitled to consider and weigh the evidence, even though the evidence is not conflicting, and determine whether it was sufficient to support its former conclusion. The question of the probative force or the evidentiary value of the evidence is within the determination of the trial court in a proceeding on motion for a new trial. (*Abercrombie* v. *Thomsen*, 59 Cal.App.2d 331, 334 [138 P.2d 701]; *Owings* v. *Gatchell*, 32 Cal.App.2d 482, 488 [90 P.2d 268].) ▆ The evidence herein shows that there were various questions of fact for the consideration of the trial court, such as, whether there was an agreement to share commissions with plaintiff; whether such agreement, if existent, was binding upon defendant; whether, in the absence of such agreement, defendant was indebted to plaintiff for the reasonable value of his services; whether there is a custom in Los Angeles to share such commissions and, if so, what division is customary; in what capacity plaintiff acted during the negotiations for the lease and sale, and whether his services were performed with the knowledge and acquiescence of the seller and buyer, especially in view of the evidence that the buyer antedated a letter to indicate such knowledge on its part before the nego-

tiations were completed. It was within the discretion of the trial court as to whether there should be a retrial of any of those issues, and the court concluded that the evidence was insufficient to justify its former decision. ██ All presumptions in favor of the order will be indulged in upon appeal. (*Mazzotta* v. *Los Angeles Ry. Corp.*, *supra*, at p. 169.) ██ In the absence of an abuse of discretion, the action of the trial court is conclusive upon appeal. There was no abuse of discretion and the plaintiff's contention is not sustained.

By reason of the above conclusion, it is unnecessary to discuss the statements in a memorandum made by the trial court at the time it granted the motion for a new trial. ██ The reviewing court's consideration, in determining the legal sufficiency of the ruling, is not limited to the reasons assigned by the trial court in granting a motion for a new trial. (*Scott* v. *Renz*, 67 Cal.App.2d 428, 432 [154 P.2d 738].)

The order granting the motion for a new trial is affirmed.

Desmond, P. J., and Fox, J. pro tem., concurred.

A petition for a rehearing was denied June 26, 1945, and appellant's petition for a hearing by the Supreme Court was denied July 26, 1945.