[Civ. No. 15390.   Second Dist., Div. Three.   Dec. 4, 1946.]

KATHRYN C. BEDELL et al., Appellants, v. JAMES M. DUNIVEN, Respondent.

A. J. O'Connor and George J. Hider for Appellants.

Parker, Stanbury & Reese and Harry D. Parker for Respondent.

WOOD, J.—Plaintiffs, husband and wife, brought this action for damages for personal injuries sustained by the wife, a pedestrian, as the result of an accident allegedly caused by the negligence of defendant in operating his automobile. Trial was by jury.   The verdict was in favor of defendant, and judgment was entered thereon.   Plaintiffs appeal from the judgment.

Plaintiffs contend that the evidence does not support the verdict, and the trial court erred in denying plaintiffs' motion for a new trial.

The accident occurred April 15, 1945, about 8:30 p. m., on Sunset Boulevard in Los Angeles, west of and near the intersection of Sunset Boulevard and Lucile Street. Sunset Boulevard extends east and west, Lucile Street extends north and south, and both streets are paved. Sunset Boulevard is 76 feet wide, and is divided into four traffic lanes—two for eastbound traffic and two for westbound traffic which are separated by a double white line in the center of the boulevard. Streetcar tracks are in the middle of Sunset Boulevard—one within the inside lane for eastbound traffic and one within the inside lane for westbound traffic. Apparently, there are no automatic signals or boulevard stop signs at this intersection for east-west traffic.

Defendant was proceeding at the rate of 20 to 25 miles an hour in an easterly direction on Sunset Boulevard. He was in the inside lane for eastbound traffic and about two feet south of the double white line. It was dark, and the headlights of his automobile were lighted. The pavement was dry, and the brakes on defendant's automobile were in good condition.

Plaintiff, Mrs. Bedell, will be referred to as the plaintiff. Plaintiff and her 8-year-old son, whom she was holding by the hand, were proceeding across Sunset Boulevard in a southerly direction in the unmarked pedestrian crosswalk on the west side of the intersection. After they had crossed the double white line in the center of Sunset Boulevard, plaintiff was struck by the front left portion of defendant's automobile, and she sustained personal injuries.

Defendant testified that automobiles with their lights on were approaching in both lanes for westbound traffic; that he was "blinded" and could not see plaintiff until he "was upon her"; that there were eastbound automobiles in front of him and in the traffic lane to his right; that he followed the automobiles ahead of him, kept in his lane of traffic at all times and traveled at the same speed as the automobiles ahead of him; that he first saw plaintiff just before he struck her, when he was approximately 60 feet west of the prolongation of the westerly curb line of the intersection, when a passenger in his (defendant's) automobile said, "hit the brakes"; that at that time plaintiff was 8 to 10 feet north of the center of the street, approximately 15 feet west of the prolongation of the westerly curb line of the intersection, and she and her son were running, the son running ahead of plaintiff; that when defendant heard his passenger say, "hit the brakes," he applied his

brakes forcibly and continued to do so until the collision; that he turned his automobile as far to the right as possible without entering the (streetcar) passenger zone; and that plaintiff ran five or six steps after he saw her before he struck her.

Plaintiff testified that before proceeding across Sunset Boulevard, she stepped off the curb, saw the "traffic was clear on both sides" and started across the street; that when she arrived at a point which is about 12 feet north of the center of the street she first saw defendant's automobile; that it was the only automobile or other traffic she saw going east; that she was walking at a normal gait; that she did not stop, but continued walking until she was struck; and that she had walked a step or two beyond the middle line of the street. She also testified that she first observed defendant's automobile when she left the curb to cross the street, and did not observe it again until at the time of the collision; that when she left the curb vehicles were approaching from the east one block away; that as she was stepping on the (westbound) streetcar track, she was looking back at an automobile approaching from the east, but she had already crossed the path of that automobile when she looked back; that when she was on that streetcar track she noticed that the automobiles approaching from the east were in the middle of the block; and that she walked approximately 38 feet from the curb to the point where she was struck by defendant's automobile.

Plaintiffs' son, called as a witness on behalf of plaintiffs, testified that he looked "both ways" and then he and his mother started to cross the street; that there were no automobiles going west as they started to cross the street, but there was one going east which was "pretty far away"; that westbound traffic was heavy, but eastbound traffic was not; that he saw some automobiles behind that of defendant; and that when he saw defendant's automobile he and his mother "walked back a little." He also testified that when he saw defendant's automobile he and his mother stopped and waited to see if they could pass, and defendant's automobile looked far enough away for them to get across so they tried it and "got caught"; that they stopped four or five steps back from where the impact occurred for a couple of minutes to look; that at that time defendant was a little more than a block away, and they took about four steps before the accident occurred.

Plaintiffs' argument, in support of their contention

148

that the evidence does not support the verdict, is to the effect that the evidence shows defendant was negligent. The defendant pleaded contributory negligence. The driver of an automobile shall yield the right of way to a pedestrian crossing the roadway within any unmarked crosswalk at an intersection. (Veh. Code (1941), § 560.) The evidence was sufficient to support a finding that defendant was negligent and that his negligence was a proximate cause of the collision.

It is the duty of a pedestrian crossing the roadway within a pedestrian crosswalk to exercise reasonable care at all times. (*O'Brien* v. *Schellberg*, 59 Cal.App.2d 764, 768 [140 P.2d 159].) Whether plaintiff exercised reasonable care under the circumstances was a matter to be determined by the jury. There was evidence that defendant's automobile was in clear view; that plaintiff observed its approach when it was in the middle of the block; that she was running; and that she proceeded for a distance of approximately 38 feet and into the path of the approaching automobile without again looking in its direction. The evidence is sufficient to support an implied finding that plaintiff's own negligence proximately contributed to the collision.

The judgment is affirmed.

Desmond, P. J., and Shinn, J., concurred.