[Civ. No. 16078.   Second Dist., Div. Two.   Dec. 17, 1947.]

BEVERLY JEAN PEARL, a Minor, etc., Respondent, v. JOHN KALINE, Appellant.

Hunter & Liljestrom for Appellant.

Alfred C. Ackerson for Respondent.

McCOMB, J.—Defendant appeals from an order granting plaintiff's motion for a new trial after a jury returned a verdict in defendant's favor in an action to recover damages for personal injuries.

The record discloses evidence from which the trial judge could have found the following facts:

On August 18, 1945, at about 12:30 p. m. plaintiff was on the south side of Olympic Boulevard in Los Angeles. This boulevard runs in a general easterly and westerly direction. Plaintiff looked in both directions and saw an automobile driven by defendant approaching from the west approximately 276 feet from her. The car was being operated in the second traffic lane south of the double white center line in the middle of the street. Plaintiff stepped off the curb and walked briskly in a general northerly direction across Olympic Boulevard without again looking to the west. When she was about 26 feet north of the south curb of Olympic she was struck by the right front fender and headlight of defendant's car. At the time of the accident the car was in the lane of traffic next to the double center line. Defendant did not see plaintiff until an instant before his automobile struck her because he "was looking the other way."

This is the sole question presented for our determination:

*May a reviewing court reverse an order granting a new trial when there is evidential support for a judgment in favor of the losing party?*

This question must be answered in the negative and is governed by this pertinent rule of law, the matter of grant-

ing or refusing to grant a motion for a new trial is largely within the discretion of the trial court whose determination will not be set aside if there is any substantial evidence contradicted or uncontradicted which will support the conclusions reached by the trial court. (See *Grant* v. *Ryon*, 11 Cal.App.2d 101, 103 [53 P.2d 170]; *Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689].)

Applying the foregoing rule to the facts in the instant case it is apparent that the trial judge believed, supported by substantial evidence, that plaintiff was not guilty of contributory negligence. This was a question of fact for his determination which determination finds substantial support in the evidence. It cannot be said as a matter of law that plaintiff's conduct constituted contributory negligence. Since it did not, it was the function and the duty of the court on the motion for a new trial to review the evidence and determine therefrom whether the verdict was a fair and just response to the issue of defendant's negligence. In making such review the court was evidently impressed by plaintiff's conduct (1) in stopping before she stepped into the street and observing the approach of defendant's car in the lane adjacent to the curb on which she stood, and in estimating its distance at 276 feet from her; (2) in that she reasonably estimated that she had sufficient time to cross that lane before defendant could reach the path of her crossing; (3) in that she acted as a reasonably prudent person in believing that defendant would not change from one lane to another in proceeding along the boulevard and that if he should do so he would see her and give appropriate warning. ■ It is true that plaintiff violated the provisions of subsection (a) of section 562 of the Vehicle Code requiring a pedestrian to yield to vehicles when crossing a roadway where there is no crosswalk. However, such violation did not relieve defendant from the duty of exercising due care not to injure plaintiff, as provided by subsection (b) of the same section. (*Fuentes* v. *Ling*, 21 Cal.2d 59, 61 [130 P.2d 121]; *Mitrovitch* v. *Graves*, 25 Cal.App.2d 649, 655 [78 P.2d 227].)

■ Defendant concedes that the evidence would have supported a finding of negligence on his part had the jury so found. Therefore, since the evidence would have supported a finding that defendant was negligent and plaintiff was not contributorily negligent, the trial court's order granting a motion for a new trial finds substantial support in the evidence and such order is binding upon this court.

*Pirrone* v. *Nuccio*, 78 Cal.App.2d 864 [179 P.2d 18], is not here in point for the reason that in such case the evidence was not in conflict as to plaintiff's conduct, and the only reasonable conclusion to be drawn therefrom was that plaintiff was contributorily negligent. We find the same situation in *Weissman* v. *Seehusen*, 55 Cal.App.2d 391 [131 P.2d 10], and *Mundy* v. *Marshall*, 8 Cal.2d 294 [65 P.2d 65].

*Bedell* v. *Duniven*, 77 Cal.App.2d 145 [174 P.2d 666], is not applicable for the reason that in this case it was merely held that there was substantial evidence to sustain an implied finding that plaintiff was contributorily negligent. The case does not hold that plaintiff was contributorily negligent as a matter of law. Each of the other cases relied on by defendant are factually distinguishable from the present case.

The order is affirmed.

Moore, P. J., and Wilson, J., concurred.