[Civ. No. 17168. Second Dist., Div. One. Oct. 25, 1949.]

BESSIE M. DEARING, Appellant, v. ARTHUR M. FESS-LER et al., Respondents.

Joseph L. Fainer and Ludwig H. Gerber for Appellant.

Pettee & Sheldon and William J. Clark for Respondents.

DRAPEAU, J.—Plaintiff had five cypress trees growing on the rear of her lot in Alhambra. Defendants entered upon plaintiff's property and cut down the trees. Two of the defendants were owners of the abutting property at the rear,

along the line of which the trees were growing. The remaining defendant was a tree surgeon employed by the other two defendants to fell the trees.

Plaintiff sued, and the case was tried by jury. Verdict was in favor of the tree surgeon and against the plaintiff, and in favor of the plaintiff and against the other defendants for $1,250. The tree surgeon being eliminated, the neighbor defendants will hereafter be referred to as "defendants."

Judgment was made and entered in accordance with the verdict. This judgment was vacated as to the defendants, but not as to the tree surgeon, by minute order dated September 3, 1948. Judgment *nunc pro tunc* was made and entered October 26, 1948, against the defendants and not the tree surgeon.

Defendants moved for a new trial, which motion was granted. From the order granting the new trial plaintiff appeals.

No reporter's transcript of the trial proceeding has been furnished to this court, and the appeal must be decided upon the judgment roll alone. Judge Hawkins, assigned from another county, presided at the trial; Judge Hanson made the order granting the new trial.

The order specified that it was made upon the following grounds: "the verdict is against the law; error in law occurring at the trial; irregularity in the proceedings of the adverse party by which these defendants were prevented from having a fair trial; newly discovered evidence."

This review being limited to the judgment roll (*Consolidated Produce Co.* v. *Takahashi*, 52 Cal.App.2d 753 [127 P.2d 281]; *Sievers* v. *Pacific Gas & Elec. Co.*, 57 Cal.App.2d 455 [134 P.2d 850]), and all intendments being in support of the order (2 Cal.Jur. § 259, p. 520; *Sacre* v. *Imperial Water Co.*, 206 Cal. 13 [272 P. 1044]), it must be affirmed.

Plaintiff argues that the notice of motion for a new trial was not served upon the defendant tree surgeon; therefore the court has no jurisdiction to make the order. Judgment as to the tree surgeon had been entered and had become final, and he, therefore, was no longer an adverse party whose rights might be affected on the hearing of the motion for a new trial. "The failure to serve a given party will not deprive the court of jurisdiction to grant the motion in so far as it can be granted without affecting the rights of the party not served." (*Caruthers Building Co.* v. *Johnson*, 174 Cal. 20, 24 [161 P. 985].)

262

It is further argued that the order must be reversed because no affidavits were filed in support of the motion for new trial. Reading of the order indicates that some of the grounds upon which it was made did not have to be supported by affidavit. (Code Civ. Proc., § 658.) "It is well settled that the granting of a motion for a new trial rests so completely within the discretion of the trial judge that an appellate court will not interfere with his action unless a manifest and unmistakable abuse of discretion clearly appears. . . . Upon an appeal from an order granting a new trial, all presumptions favor the order as against the verdict; . . . and the order will be affirmed if it may be sustained on any ground. . . ." (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338].)

The order is affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 22, 1949.