[Civ. No. 19559. Second Dist., Div. Two. Dec. 21, 1953.]

PENELOPE CADWELL et al., Respondents, v. MARY I. BOROUGH, Appellant.

Crider, Runkle & Tilson, Elber H. Tilson and Garvin F. Shallenberger for Appellant.

Erb, French & Picone and Samuel B. Picone for Respondents.

MOORE, P. J.—Appeal from an order granting plaintiffs' motion for a new trial in an action for damages allegedly arising out of injuries suffered by defendant's guests who were riding in her automobile. The order was based upon the grounds that the evidence was insufficient to justify the verdict and that it is against law.**

The accident occurred in Arizona in September, 1951. The road on which the motorist and her guests proceeded was winding, up-grade, 15 feet wide, of hard surface, covered with granite or coarse gravel. On the right side the decomposed granite was piled about nine inches high for some five miles prior to reaching the point at which the accident occurred. A mountain stood to the left, and on the right was "an area down below." The vehicle was a 1949 station wagon in good mechanical condition; tires all new, steering gear in order, windshield clean. Neither fog nor rain nor other object obscured the vision. Visibility along the way

---

**Two actions were filed, but they arose from the same facts, hence were consolidated.

was good; not a cloud in the sky; not another vehicle on the horizon. They were on the Senator Highway in the vicinity of Prescott. Mr. McLaughlin sat beside defendant who drove; Mesdames Cadwell and Bell and Mr. Roberts occupied the rear seat.

Defendant testified that as she was proceeding at a speed of 15 miles per hour, "staying to the right side of the road . . . the right front wheel went off first . . . hit a soft shoulder of this gravel and the car wheels just went down and I couldn't right the car in time to get it back on the highway . . . the weight of the car took us right over." At the time of the fall into the ravine, the car was in an S curve. She "realized if there was a car coming down, that I needed to be over to the right and evidently stayed too far to the right . . . when my right front wheel got on the gravel portion . . . my right front wheel went down." Mrs. Bell testified that the automobile turned over twice down a steep cliff.

■ The trial judge's discretion will not be questioned on appeal unless its abuse clearly appears. (*Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 358 [170 P.2d 465] ; *Shellhaas* v. *Petrolane Ltd.,* 98 Cal.App.2d 171, 176 [219 P.2d 797] ; *Dearing* v. *Fessler,* 94 Cal.App.2d 260, 262 [210 P.2d 535].) ■ When the motion comes before him it is his duty to review the evidence, weigh the inferences fairly deducible from the facts and thereby determine whether the verdict was fair and just as to the paramount issue in the controversy. (*Pearl* v. *Kaline,* 82 Cal.App.2d 910, 912 [188 P.2d 58].) Even though the evidence is free of conflict, the trial judge is obliged to draw his own inferences and, from his own appraisal of the facts, determine whether the evidence was sufficient to support the judgment. (*Blumenthal* v. *W. I. Hollingsworth & Co.,* 69 Cal.App.2d 337, 340 [159 P.2d 75].) And if he concludes that the jury has found contrary to the weight of the evidence, he may grant a new trial. (*Gardner* v. *Marshall,* 56 Cal.App.2d 62, 66 [132 P.2d 833].) ■ If the order granting the new trial can be upheld upon any rational view of the evidence, it will not be disturbed. (*Estate of Standing,* 99 Cal.App.2d 668, 674 [222 P.2d 465, 223 P.2d 255].) ■ The order is conclusive in the absence of a clear and affirmative order showing of gross, manifest or unmistakable abuse of discretion. (*Gray* v. *Robinson,* 33 Cal.App.2d 177, 184 [91 P.2d 194].)

■ There is some uncertainty in the record as to the exact path of the vehicle immediately preceding the accident, but a

scrutiny of the testimony indicates that the trial judge could reasonably have inferred that the highway at this point was in the form of an S curve consisting of a swing to the left and then a reverse curve to the right; that defendant had completed the left curve and was in the process of making the right swing; that she negligently failed to steer her car so as to keep it aligned with the reverse curve of the road; that her negligence in this respect was the proximate cause of her car's going off this serpentine highway and the consequent injuries to the plaintiffs.

Who can say that defendant was not negligent? She was attended by four congenial persons, all in close proximity to her and to one another, each requiring some of her attention. She was driving on a mountainous, ascending, winding road with loose gravel on it, a road where a greater amount of care is required of a motorist than is necessary on a straight, level highway. Her caution might have been sufficient to evade perils on a normal country road but insufficient to be reasonably safe on the Senator Highway. If the trial judge thus concluded, how can it be said he was wrong and the jury right?

In the case of *Druzanich* v. *Criley,* 19 Cal.2d 439 [122 P.2d 53], the facts closely parallel those at bar. The driver was going 50 or 55 miles an hour on a paved highway. Her car was traveling on the outer lane of a left-hand curve. The good lady hit a soft shoulder on the curve, lost control and her vehicle went over the embankment, turning over. There was no positive evidence that anything was on the highway that would have caused her to skid, or that a tire was loose or flat, or that the steering device was not operating properly. "Never-the-less," said the court, "the car left the road with the result above mentioned. Automobiles, when driven with due care and caution do not leave the highway under these circumstances. Respondent Dorothy Criley has failed completely to rebut the inference of negligence raised by the attending circumstances. Such failure necessitates a finding of negligence in accordance with the inference." (*Ibid.,* at 445.)

Order affirmed.

Fox, J., concurred.

McCOMB, J.—I dissent. The mere fact that an accident happened, considered alone, does not support an inference

that some party or any party was negligent. (*Miller* v. *Cranston,* 41 Cal.App.2d 470, 475 [3] [106 P.2d 963] ; *Van DerHoof* v. *Chambon,* 121 Cal.App. 118, 125 [8 P.2d 925] ; *Diamond* v. *Weyerhaeuser,* 178 Cal. 540, 543 [174 P. 38] ; *cf. Harpke* v. *Lankershim Estates,* 103 Cal.App.2d 143, 145 [229 P.2d 103] ; *Seedborg* v. *Lakewood Gardens Civic Assn.,* 105 Cal.App.2d 449, 455 [233 P.2d 942].) The rule is accurately stated in California Jury Instructions Civil, page 155.

In the present case I fail to find any evidence which would sustain a finding that defendant did any specific act or acts in a negligent manner. I would reverse the judgment.