[Civ. No. 9068.   Third Dist.   Mar. 22, 1957.]

DONALD K. MacDONALD, Respondent, v. O. D. KINGS-
LEY et al., Appellants.

Richard A. Case for Appellants.

Floyd H. Pettit for Respondent.

WARNE, J. pro tem.*—Plaintiff and respondent, Donald K. MacDonald, brought an action against appellants Mr. and Mrs. O. D. Kingsley and Dr. and Mrs. George W. Snipes to recover damages for conversion of personal property and to recover $175 paid on an oral contract of sale of real property. The complaint alleged that plaintiff entered into an oral contract of sale of real property with Mr. Kingsley who was the agent of the Snipes; that plaintiff took possession of the property and made valuable improvements thereon; that the agreement was modified by another oral agreement which permitted plaintiff at his election to make his payments at six month intervals rather than monthly; that after a total of $175 had been paid, defendants, without notice to plaintiff, forcibly evicted plaintiff's tenant and converted certain of plaintiff's personal property to their own use.

Defendants filed a cross-complaint in which they alleged that the plaintiff was the assignee of one Adams; that the agreement contained certain building restrictions; that the agreement was breached. They asked for damages, a declaration that plaintiff had no interest in the property, for restitution of the property, and for damages for use and occupancy of the premises. They also raised the defense of the statute of frauds.

After a trial without a jury, judgment was entered in favor of the plaintiff in the amount of $2,962.50, the value of the personal property converted by the defendants, less the sum of $175, which the court determined to be the reasonable value for the use of the premises. It was also decreed that plaintiff had no right, title or interest in the property.

The defendants have appealed from the judgment on the ground that said judgment is not supported by the evidence and that the findings of fact do not sustain the judgment. The appeal is on the judgment roll only.

When the appeal is on the judgment roll alone, the evidence is presumed to support the findings. (*Kompf* v. *Morrison*, 73 Cal.App.2d 284, 286 [166 P.2d 350].) Therefore, the only question presented on this appeal is whether the findings support the judgment. (*Gin S. Chow* v. *City of Santa Barbara*, 217 Cal. 673 [22 P.2d 5]; *Sacre* v. *Imperial Water Co. No. 3*, 206 Cal. 13 [272 P. 1044]; *Semple* v. *Andrews*, 27 Cal.App.2d 228, 235 [81 P.2d 203]; *Hunt* v. *Plavsa*, 103 Cal.App.2d 222, 224 [229 P.2d 482].)

*Assigned by Chairman of Judicial Council.

In the instant case plaintiff in his second cause of action alleged ownership and possession of the personal property converted, the forcible and unlawful taking thereof by the defendants and the value of said property. These allegations state a good cause of action for conversion. (24 Cal.Jur. 1022.) The trial court found that plaintiff was the owner and in possession of the converted personal property; that the defendants wrongfully entered upon the premises where said property was located and did convert same to their own use; and that by reason thereof, plaintiff was damaged in the sum of $2,962.50. These findings support the judgment so far as based on conversion.

And, for the defendants, the court found that the plaintiff had no interest in the real property involved and granted them restitution of the premises. It also awarded them damages in the sum of $175 for the use of the real property as an offset against the amount awarded plaintiff. We find no insufficiency in the findings to support the relief granted appellants.

The defendants claim that the contract violated the statute of frauds, because it was not in writing, and there was no evidence that the authority of the alleged agent Kingsley was in writing. Assuming that the contract for the purchase and sale of the real property was unenforcible, because of the statute of frauds, plaintiff would still be entitled to recover since his cause of action was not to enforce the contract but for the conversion of his personal property.

The question as to the application of the statute of frauds is, therefore, immaterial.

The purported appeal from the order denying the motion for a new trial is dismissed since it is not an appealable order. The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.